IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

                Plaintiff,

          v.                            Case No. 18-cv-137

RANDALL L. RADDATZ
1171 County Road H
New Richmond, WI 54017,

DENNIS RADDATZ
1175 County Road H
New Richmond, WI 54017,

MARY BETH RADDATZ
1175 County Road H
New Richmond, WI 54017,

ASHLEY RADDATZ
950 140th Avenue
New Richmond, WI 54017,

COUNTRYSIDE COOPERATIVE
514 East Main Street
Durand, WI 54736,

CNH INDUSTRIAL CAPITAL
AMERICA, LLC
c/o CT Corporation System,
Registered Agent
301 S. Bedford Street, Suite 1
Madison, WI 53703,

THE COOPERATIVE FINANCE
ASSOCIATION, INC.
c/o CT Corporation System,
Registered Agent
120 South Central Avenue
Clayton, MO 63105,

DEERE & COMPANY
c/o CT Corporation System,
Registered Agent
301 S. Bedford Street, Suite 1
Madison, WI 53703,

DEERE CREDIT, INC.
c/o CT Corporation System,
Registered Agent
301 S. Bedford Street, Suite 1
Madison, WI 53703,

SHEFFIELD FINANCIAL
A Division of Branch Banking & Trust
Company
P.O. Box 1704
Clemmons, NC 27012,

DAVID J. GREVICH
244 192nd Street
Star Prairie, WI 54026,

and

FIRST NATIONAL COMMUNITY BANK
109 East Second Street
P.O. Box 89
New Richmond, WI 54017,

Defendants.

---

# COMPLAINT

---

Plaintiff, United States of America, by Scott C. Blader, United States Attorney for

the Western District of Wisconsin, by Assistant United States Attorney Barbara L.

Oswald, for its cause of action alleges that:

1.      This is a civil action brought by the United States of America ("Plaintiff")
pursuant to 28 U.S.C. § 1345.

2.      Defendant Randall L. Raddatz ("Borrower") resides in New Richmond,
Wisconsin, and the subject property is located in St. Croix County, Wisconsin, which are
within the Western District of Wisconsin.

3.      The remaining Defendants purport to have an interest in the subject
property.

COUNTS I AND II

4.      Borrower executed and delivered to Plaintiff, acting through the Farm
Serviced Agency, United States Department of Agriculture, the following promissory
notes ("Notes"):

| Date | Amount | Exhibit No. (attached) |
|------|--------|------------------------|
| January 29, 2015 | $253,000.00 | A |
| December 6, 2012 | $94,000.00 | B |

5.      To secure the Notes, Borrower executed and delivered to Plaintiff a
security agreement on January 17, 2012.  Borrower has since executed and delivered
another security agreement on January 29, 2015, a copy of which is attached as Exhibit
C.

6.      Plaintiff duly filed the following financing statements and financing
statement amendment for the record:

| Date | Exhibit No. (attached) |
|------|------------------------|
| January 29, 2015 | D |
| January 29, 2015 | E |
| January 13, 2012 | F |

3

7.     By virtue of the Notes, security agreement, and financing statements, Plaintiff has a security interest in all farm products, crops, livestock, and farm equipment owned by Borrower.  The property includes, but is not limited to, the property described in the security agreement that is attached as Exhibit C.

8.     Upon information and belief, the property is in the possession of the Borrower Randall L. Raddatz and/or his father, Defendant Dennis Raddatz, and is located at 1175 County Road H, New Richmond, Wisconsin, 54017.

9.     To further secure the Notes attached as Exhibits A and B, Borrower executed and delivered to Plaintiff the following duly recorded mortgage upon certain real estate within the jurisdiction of this Court ("Mortgage"):

| Date | Exhibit No. (attached) |
|------|------------------------|
| February 2, 2015 | G |

10.     Borrower being in default, on or about February 3, 2017, Plaintiff served upon him a Notice of Acceleration of Indebtedness and Demand for Payment, a copy of which is attached as Exhibit H.

16.     Plaintiff has made the following payment as permitted by the provisions of the mortgage and said payment has become part of the mortgage indebtedness:

Lien Search:          $75.00

17.     Borrower owes Plaintiff under the provisions of the Notes, Mortgages, and security agreement, a balance of $297,319.70, as of February 27, 2018.

<u>COUNT III</u>

11.     Borrower also executed and delivered to Plaintiff, acting through the

Commodity Credit Corporation, United States Department of Agriculture, the

following promissory note and security agreement through the Farm Storage Facility

Loan ("FSFL") Program ("FSFL Note"):

| Date | Amount | Exhibit No. (attached) |
|------|--------|------------------------|
| October 18, 2012 | $23,787.24 | I |

12.     Plaintiff, acting through the Commodity Credit Corporation, United States

Department of Agriculture, duly filed the following financing statements and financing

statement amendment for the record:

| Date | Exhibit No. (attached) |
|------|------------------------|
| October 3, 2012 | J |
| September 17, 2012 | K |

13.     To further secure the FSFL Note attached as Exhibit I, Borrower and

Defendants Dennis Raddatz and Ashley Raddatz executed and delivered to Plaintiff, a

Severance Agreement ("Severance Agreement") which was duly recorded with the St.

Croix County Register of Deeds, and is attached as Exhibit L.

14.     By virtue of the FSFL, financing statement, financing statement

amendment, and Severance Agreement, Plaintiff has a security interest in a grain bin

affixed to real estate owned by Defendants Dennis Raddatz and Mary Beth Raddatz,

which real estate is located at 1171 County Road H, New Richmond, Wisconsin 54017.

15.     By virtue of the Severance Agreement, Plaintiff's security interest in the

grain bin is superior to any security interest of Borrower or Defendant Ashley Raddatz,

or of Dennis Raddatz and Mary Beth Raddatz, the owners of the real estate to which the grain bin is affixed:

| Date | Exhibit No. (attached) |
|------|------------------------|
| October 4, 2012 | L |

16.     Borrower being in default, on or about January 19, 2017, Plaintiff served upon him a Notice of Acceleration, a copy of which is attached as Exhibit M.

17.     Borrower being in default, on or about February 21, 2017, Plaintiff served upon him a Notice of Repossession, a copy of which is attached as Exhibit N.

18.     Borrower owes Plaintiff under the provisions of the FSFL Note and Severance Agreement, a balance of $12,390.26, as of February 27, 2018.

WHEREFORE, Plaintiff requests that an accounting be taken under the direction of this Court of what is due for principal and interest on the Notes, Mortgages, security agreements, and Severance Agreement, that a decree be entered as follows:

(a)     As to Counts I and II, that Borrower pay to Plaintiff the principal of $281,187.17, and interest of $16,132.53, together with interest from February 27, 2018, at the rate of $19.0671 per day computed as provided in the Notes, Mortgages, and security agreements, up to the date on which the decree is entered, plus interest thereafter according to law, costs, disbursements, and expenses;

(b)     As to Count III, that Borrower pay to Plaintiff the principal of $12,161.38, and interest of $228.88, together with interest from February 27, 2018, at the rate of $.333188 per day computed as provided in the FSFL Note, up to the date on which the

decree is entered, plus interest thereafter according to law, costs, disbursements, and expenses;

(c)     In default of such payments, that all legal right, title, and interest that Defendants have in the subject property be sold at public sale in accordance with 28 U.S.C. §§ 2001-2003, and 28 U.S.C. § 2004 and that the amounts due to Plaintiff be paid out of the proceeds of the sale;

(c)     That Defendants and all persons claiming or who may claim by, from, or under them, be absolutely barred and foreclosed from all rights and equity of redemption in the property;

(d)     That if the proceeds of the sales exceed the sum of money to be paid to Plaintiff, any such excess be deposited with the Clerk of this Court subject to further orders of the Court; and

(e)     For such other and further relief as is just.

Dated this 27th day of February, 2018.

Respectfully submitted,

SCOTT C. BLADER
United States Attorney

By:

 s/ Barbara L. Oswald
BARBARA L. OSWALD
Assistant United States Attorney
222 W Washington Ave, Suite 700
Madison, Wisconsin  53703
barbara.oswald@usdoj.gov
(608) 264-5158

JS 44   (Rev  09/11)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a)  PLAINTIFFS | DEFENDANTS |
|---|---|
| **(b)**  County of Residence of First Listed Plaintiff _____<br>*(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant _____<br>*(IN U.S. PLAINTIFF CASES ONLY)*<br>NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF<br>THE TRACT OF LAND INVOLVED |
| **(c)**  Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |

## II.  BASIS OF JURISDICTION   *(Place an "X" in One Box Only)*

☐ 1   U S  Government
       Plaintiff

☐ 2   U S  Government
       Defendant

☐ 3   Federal Question
       *(U.S. Government Not a Party)*

☐ 4   Diversity
       *(Indicate Citizenship of Parties in Item III)*

## III.  CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff)*
*(For Diversity Cases Only)*                                   and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place<br>of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place<br>of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a<br>Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV.  NATURE OF SUIT   *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment<br>   & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted<br>   Student Loans<br>   (Excl  Veterans)<br>☐ 153 Recovery of Overpayment<br>   of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product<br>   Liability<br>☐ 320 Assault, Libel &<br>   Slander<br>☐ 330 Federal Employers'<br>   Liability<br>☐ 340 Marine<br>☐ 345 Marine Product<br>   Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle<br>   Product Liability<br>☐ 360 Other Personal<br>   Injury<br>☐ 362 Personal Injury -<br>   Med  Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury -<br>   Product Liability<br>☐ 367 Health Care/<br>   Pharmaceutical<br>   Personal Injury<br>   Product Liability<br>☐ 368 Asbestos Personal<br>   Injury Product<br>   Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal<br>   Property Damage<br>☐ 385 Property Damage<br>   Product Liability | ☐ 625 Drug Related Seizure<br>   of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal<br>   28 USC 157<br><br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark | ☐ 375 False Claims Act<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and<br>   Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/<br>   Exchange<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information<br>   Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR**<br>☐ 710 Fair Labor Standards<br>   Act<br>☐ 720 Labor/Mgmt  Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical<br>   Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl  Ret  Inc<br>   Security Act | **SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)) | ☐ 896 Arbitration<br>☐ 899 Administrative Procedure<br>   Act/Review or Appeal of<br>   Agency Decision<br>☐ 950 Constitutionality of<br>   State Statutes |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/<br>   Accommodations<br>☐ 445 Amer  w/Disabilities -<br>   Employment<br>☐ 446 Amer  w/Disabilities -<br>   Other<br>☐ 448 Education | ☐ 510 Motions to Vacate<br>   Sentence<br>**Habeas Corpus:**<br>☐ 530 General<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee -<br>   Conditions of<br>   Confinement | **IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 463 Habeas Corpus -<br>   Alien Detainee<br>   (Prisoner Petition)<br>☐ 465 Other Immigration<br>   Actions | **FEDERAL TAX SUITS**<br>☐ 870 Taxes (U S  Plaintiff<br>   or Defendant)<br>☐ 871 IRS—Third Party<br>   26 USC 7609 | |

## V.  ORIGIN   *(Place an "X" in One Box Only)*

☐ 1   Original
       Proceeding

☐ 2   Removed from
       State Court

☐ 3   Remanded from
       Appellate Court

☐ 4   Reinstated or
       Reopened

☐ 5   Transferred from
       another district
       *(specify)*

☐ 6   Multidistrict
       Litigation

## VI.  CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
_____

Brief description of cause:
_____

## VII.  REQUESTED IN COMPLAINT:

☐  CHECK IF THIS IS A **CLASS ACTION**
    UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:

JURY DEMAND:   ☐ Yes   ☐ No

## VIII.  RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE _____

SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG JUDGE _____

This form is available electronically.

Form Approved - OMB No. 0560-0237
(See Page 3 for Privacy Act and Paperwork Reduction Act Statements.)

| FSA-2026 (12-05-12) | U.S. DEPARTMENT OF AGRICULTURE<br>Farm Service Agency | Position 2 |
|---|---|---|

## PROMISSORY NOTE

| 1. Name<br>RANDALL LEIGH RADDATZ | | 2. State<br>WISCONSIN | 3. County<br>ST. CROIX |
|---|---|---|---|
| 4. Case Number<br>58-055- | 5. Fund Code<br>44 | 6. Loan Number<br>09 | 7. Date<br>JANUARY 29, 2015 |
| 8. TYPE OF ASSISTANCE<br>OL-BF-Reg-1YR | | 9. ACTION REQUIRING PROMISSORY NOTE: | |

9. ACTION REQUIRING PROMISSORY NOTE:

☐ Initial loan        ☐ Conservation easement        ☐ Deferred payments

☐ Consolidation       ☐ Rescheduling                 ☐ Debt write down

☒ Subsequent loan     ☐ Reamortization

10. FOR VALUE RECEIVED, the undersigned borrower and any cosigners jointly and severally promise to pay to the order of the United States of America, acting through the Farm Service Agency, United States Department of Agriculture ("Government"), or its assigns, at its office in *(a)*  MENOMONIE, WISCONSIN  or at such other place as the Government may later designate in writing, the principal sum of *(b)*  TWO HUNDRED FIFTY-THREE THOUSAND AND NO/100---------------------------------------------------------- dollars *(c)* ($  253,000.00-------------------------- , plus interest on the unpaid principal balance at the RATE of *(d)* TWO AND FIVE-EIGHTHS---------------------------------------------- percent *(e)*  2.625  %) per annum. If this note is for a Limited Resource loan (indicated in Item 8) the Government may CHANGE THE RATE OF INTEREST in accordance with its regulations, by giving the borrower thirty (30) days prior written notice by mail to the borrower's last known address. The new interest rate shall not exceed the highest rate established in the Government's regulations for the type of loan indicated in Item 8.

11. Principal and interest shall be paid in *(a)*  01

installments as indicated below, except as modified by a different rate of interest on or before the following dates:

| (b) Installment amount | (c) Due Date | (b) Installment amount | (c) Due Date |
|---|---|---|---|
| $ 259,642.00 | JANUARY 29, 2016 | $ N/A | |
| $ N/A | | $ N/A | |
| $ N/A | | $ N/A | |
| $ N/A | | $ N/A | |

and *(d)* $  N/A  thereafter on the *(e)*  N/A  of each *(f)* N/A  until the principal and interest are fully paid except that the final installment of the entire indebtedness evidenced hereby, if not sooner paid, shall be due and payable *(g)*  01  years from the date of this note, and except that prepayments may be made as provided below. The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

12. If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the borrower as requested by the borrower and approved by the Government. Approval by the Government will be given, provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from the actual date disbursed.

The U.S. Department of Agriculture (USDA) prohibits discrimination in all of its programs and activities on the basis of race, color, national origin, age, disability, and where applicable, sex, marital status, familial status, parental status, religion, sexual orientation, political beliefs, genetic information, reprisal, or because all or part of an individual's income is derived from any public assistance program. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). To file a complaint of discrimination, write to USDA, Assistant Secretary for Civil Rights, Office of the Assistant Secretary for Civil Rights, 1400 Independence Avenue, S.W., Stop 9410, Washington, DC 20250-9410, or call toll-free at (866) 632-9992 (English) or (800) 877-8339 (TDD) or (866) 377-8642 (English Federal-relay) or (800) 845-6136 (Spanish Federal-relay). USDA is an equal opportunity provider and employer.

Initial  *R dd*   Date  1-29-15

Exhibit A

FSA-2026 (12-05-12)                                                                                                    Page 2 of 3

13.  Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced by this note, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced by this note and be immediately due and payable by the Borrower to the Government without demand.

14.  Every payment made on any indebtedness evidenced by this note shall be applied according to priorities set in 7 CFR Part 765, or any successor regulation.

15.  Prepayment of scheduled installments, or any portion of these installments, may be made at any time at the option of the Borrower.  Refunds and extra payments shall, after payment of interest, be applied to the last installments to become due under this note and shall not affect the obligation of the Borrower to pay the remaining installments as scheduled in this note.

16.  Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government.  Unless the Government consents otherwise in writing, the Borrower will operate such property as a farm.

17.  If "Debt Write Down," "Consolidation," "Rescheduling," or "Reamortization" is indicated in Item 9, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of, the unpaid principal and interest on the following described notes or assumption agreements under new terms:

| (a) FUND CODE/ LOAN NO. | (b) FACE AMOUNT | (c) INTEREST RATE | (d) DATE (MM-DD-YYYY) | (e) ORIGINAL BORROWER | (f) LAST INSTALL. DUE (MM-DD-YYYY) |
|---|---|---|---|---|---|
|  | $ | % |  |  |  |
|  | $ | % |  |  |  |
|  | $ | % |  |  |  |
|  | $ | % |  |  |  |
|  | $ | % |  |  |  |
|  | $ | % |  |  |  |
|  | $ | % |  |  |  |

18.  Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidation, write down, rescheduling, or reamortization.  These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

19.  If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, the Borrower will, at the Government's request, apply for and accept a loan in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock.  The provisions of this paragraph do not apply if the loan represented by this promissory note was made to the Borrower as a nonprogram loan or a Conservation Loan.

Initial _____   Date 1-29-15

Exhibit A

20. The Borrower recognizes that the loan described in this note will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as provided in 7 CFR Part 1940, subpart G, Exhibit M, or any successor regulation.

21. Failure to pay when due any debt evidenced by this note or perform any covenant of agreement under this note shall constitute DEFAULT under this and any other instrument evidencing a debt of the Borrower owing to the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default under this note. Upon such default, the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

22. This note is given as evidence of a loan to the Borrower made by the Government pursuant to the Consolidated Farm and Rural Development Act and for the type of loan as indicated in Item 8. This note shall be subject to the present regulations of the Government and to its future regulations not inconsistent with the express provisions of this note.

23. Presentment, protest, and notice are waived.

**Signature(s) As Described In State Supplement:**


RANDALL LEIGH RADDATZ, As Individual Acknowledging Personal Liability

1175 COUNTY ROAD H
NEW RICHMOND, WI 54017

NOTE:    The following statement is made in accordance with the Privacy Act of 1974 (5 U.S.C. 552a - as amended).  The authority for requesting the information identified on this form is the Consolidated Farm and Rural Development Act, as amended (7 U.S.C. 1921 et. seq.).  The information will be used to determine eligibility and feasibility for loans and loan guarantees, and servicing of loans and loan guarantees. The information collected on this form may be disclosed to other Federal, State, and local government agencies, Tribal agencies, and nongovernmental entities that have been authorized access to the information by statute or regulation and/or as described in the applicable Routine Uses identified in the System of Records Notice for USDA/FSA-14, Applicant/Borrower.  Providing the requested information is voluntary.  However, failure to furnish the requested information may result in a denial for loans and loan guarantees, and servicing of loans and loan guarantees.  The provisions of criminal and civil fraud, privacy, and other statutes may be applicable to the information provided.

According to the Paperwork Reduction Act of 1995, an agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a valid OMB control number.  The valid OMB control number for this information collection is 0560-0237.  The time required to complete this information collection is estimated to average 20 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.  RETURN THIS COMPLETED FORM TO YOUR COUNTY FSA OFFICE.

Exhibit A

This form is available electronically.

Form Approved - OMB No. 0560-0237
(See Page 3 for Privacy Act and Public Burden Statements.)

| FSA-2026<br>(09-07-10) | | U.S. DEPARTMENT OF AGRICULTURE<br>Farm Service Agency | | Position 2 |
|---|---|---|---|---|

## PROMISSORY NOTE

| 1. Name<br>RANDALL LEIGH RADDATZ AND ASHLEY KAY RADDATZ | | 2. State<br>WISCONSIN | 3. County<br>ST. CROIX |
|---|---|---|---|
| 4. Case Number<br>58-055- | 5. Fund Code<br>44 | 6. Loan Number<br>04 | 7. Date<br>DECEMBER 6, 2012 |

| 8. TYPE OF ASSISTANCE<br>OL-BF-Reg-7YR | 9. ACTION REQUIRING PROMISSORY NOTE: |
|---|---|
| | ☐ Initial loan      ☐ Conservation easement      ☐ Deferred payments |
| | ☐ Consolidation      ☐ Rescheduling      ☐ Debt write down |
| | ☒ Subsequent loan      ☐ Reamortization |

10. FOR VALUE RECEIVED, the undersigned borrower and any cosigners jointly and severally promise to pay to the order of the United States of America Department of Agriculture, acting through the Farm Service Agency (Government), or its assigns, at its office in (a)   MENOMONIE, WISCONSIN                              or at such other place as the Government may later designate in writing, the principal sum of (b)   NINETY-FOUR THOUSAND AND NO/100------------------------------------

--------------------------------- dollars (c) ($  94,000.00-----------------------------------, plus interest on the unpaid principal balance at the RATE of (d) ONE AND ONE-EIGHTH------------------------------------------------

percent (e)  1.125      %) per annum. If this note is for a Limited Resource loan (indicated in Item 8) the Government may CHANGE THE RATE OF INTEREST in accordance with its regulations, by giving the borrower thirty (30) days prior written notice by mail to the borrower's last known address. The new interest rate shall not exceed the highest rate established in the Government's regulations for the type of loan indicated in Item 8.

11. Principal and interest shall be paid in (a)   06

installments as indicated  below, except as modified by a different rate of interest on or before the following dates:

| (b) Installment amount | (c) Due Date | (b) Installment amount | (c) Due Date |
|---|---|---|---|
| $ 810.00 | JANUARY 1, 2013 | $ 19,440.00 | JANUARY 1, 2014 |
| $ N/A | | $ N/A | |
| $ N/A | | $ N/A | |
| $ N/A | | $ N/A | |

and (d) $  19,440.00       thereafter on the (e) JANUARY 1        of each (f) YEAR          until the principal and interest are fully paid except that the final installment of the entire indebtedness evidenced hereby, if not sooner paid, shall be due and payable (g)    05                    years from the date of this note, and except that prepayments may be made as provided below. The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

12. If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the borrower as requested by the borrower and approved by the Government. Approval by the Government will be given, provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from the actual date disbursed.

The U.S. Department of Agriculture (USDA) prohibits discrimination in all of its programs and activities on the basis of race, color, national origin, age, disability, and where applicable, sex, marital status, familial status, parental status, religion, sexual orientation, political beliefs, genetic information, reprisal, or because all or part of an individual's income is derived from any public assistance program. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). To file a complaint of discrimination, write to USDA, Assistant Secretary for Civil Rights, Office of the Assistant Secretary for Civil Rights, 1400 Independence Avenue, S.W., Stop 9410, Washington, DC 20250-9410, or call toll-free at (866) 632-9992 (English) or (800) 877-8339 (TDD) or (866) 377-8642 (English Federal-relay) or (800) 845-6136 (Spanish Federal-relay). USDA is an equal opportunity provider and employer.

Initial _____ Date  12-6-12

FSA-2026 (09-07-10)

13. Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced by this note, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced by this note and be immediately due and payable by the Borrower to the Government without demand.

14. Every payment made on any indebtedness evidenced by this note shall be applied according to priorities set in 7 CFR Part 765, or any successor regulation.

15. Prepayment of scheduled installments, or any portion of these installments, may be made at any time at the option of the Borrower. Refunds and extra payments shall, after payment of interest, be applied to the last installments to become due under this note and shall not affect the obligation of the Borrower to pay the remaining installments as scheduled in this note.

16. Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. Unless the Government consents otherwise in writing, the Borrower will operate such property as a farm.

17. If "Debt Write Down," "Consolidation," "Rescheduling," or "Reamortization" is indicated in Item 9, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of, the unpaid principal and interest on the following described notes or assumption agreements under new terms:

| (a)<br>FUND CODE/<br>LOAN NO. | (b)<br>FACE AMOUNT | (c)<br>INTEREST RATE | (d)<br>DATE<br>(MM-DD-YYYY) | (e)<br>ORIGINAL BORROWER | (f)<br>LAST INSTALL.<br>DUE<br>(MM-DD-YYYY) |
|---|---|---|---|---|---|
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |

18. Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidation, write down, rescheduling, or reamortization. These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

19. If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, the Borrower will, at the Government's request, apply for and accept a loan in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. The provisions of this paragraph do not apply if the loan represented by this promissory note was made to the Borrower as a nonprogram loan or a Conservation Loan.

Initial _____  Date 12 - 6 -12

Exhibit B

FSA-2026 (09-07-10)                                                                              Page 3 of 3

20. The Borrower recognizes that the loan described in this note will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as provided in 7 CFR Part 1940, subpart G, Exhibit M, or any successor regulation.

21. Failure to pay when due any debt evidenced by this note or perform any covenant of agreement under this note shall constitute DEFAULT under this and any other instrument evidencing a debt of the Borrower owing to the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default under this note. Upon such default, the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

22. This note is given as evidence of a loan to the Borrower made by the Government pursuant to the Consolidated Farm and Rural Development Act and for the type of loan as indicated in Item 8. This note shall be subject to the present regulations of the Government and to its future regulations not inconsistent with the express provisions of this note.

23. Presentment, protest, and notice are waived.




RANDALL LEIGH RADDATZ, As Individual Acknowledging Personal Liability

2124 COUNTY RD CC
NEW RICHMOND, WI 54017



ASHLEY KAY RADDATZ, As Individual Acknowledging Personal Liability

2124 COUNTY RD CC
NEW RICHMOND, WI 54017

NOTE:    *The following statement is made in accordance with the Privacy Act of 1974 (5 U.S.C. 552a - as amended). The authority for requesting the information identified on this form is the Consolidated Farm and Rural Development Act, as amended (7 U.S.C. 1921 et. seq.). The information will be used to determine eligibility and feasibility for loans and loan guarantees, and servicing of loans and loan guarantees. The information collected on this form may be disclosed to other Federal, State, and local government agencies, Tribal agencies, and nongovernmental entities that have been authorized access to the information by statute or regulation and/or as described in the applicable Routine Uses identified in the System of Records Notice for USDA/FSA-14, Applicant/Borrower. Providing the requested information is voluntary. However, failure to furnish the requested information may result in a denial for loans and loan guarantees, and servicing of loans and loan guarantees. The provisions of criminal and civil fraud, privacy, and other statutes may be applicable to the information provided.*

*According to the Paperwork Reduction Act of 1995, an agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a valid OMB control number. The valid OMB control number for this information collection is 0560-0237. The time required to complete this information collection is estimated to average 20 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. RETURN THIS COMPLETED FORM TO YOUR COUNTY FSA OFFICE.*

Exhibit B

This form is available electronically.

Form Approved - OMB No. 0560-0238
*(See Page 7 for Privacy Act and Public Burden Statements).*

| FSA-2028 (09-03-10) | U.S. DEPARTMENT OF AGRICULTURE Farm Service Agency | Position 1 |
|---|---|---|

## SECURITY AGREEMENT

1. **THIS SECURITY AGREEMENT**, *dated (a)* __January 29__ , 2015 __ , is made between the United States of America acting through the U.S. Department of Agriculture, Farm Service Agency (Secured Party) and (b) RANDALL L RADDATZ,.

(Debtor), whose mailing address is (c) 1175 COUNTY ROAD H, NEW RICHMOND, WI 54017-6127

2. **BECAUSE** Debtor is justly indebted to Secured Party as evidenced by one or more certain promissory notes or other instruments, and in the future may incur additional indebtedness to Secured Party which will also be evidenced by one or more promissory notes or other instruments, all of which are called "Note," which has been executed by Debtor, is payable to the order of Secured Party, and authorizes acceleration of the entire indebtedness at the option of Secured Party upon any default by Debtor; and

The Note evidences a loan to Debtor, and Secured Party at any time may assign the Note to any extent authorized by the Consolidated Farm and Rural Development Act or any other Act administered by Secured Party; and

It is the purpose and intent of this Security Agreement to secure prompt payment of the Note and the timely performance of all obligations and covenants contained in this Security Agreement; and

**NOW THEREFORE**, in consideration of said loans and *(1)* to secure the prompt payment of all existing and future indebtedness and liabilities of Debtor to Secured Party and of all renewals and extensions of such indebtedness and any additional loans or future advances to Debtor before or after made by Secured Party under the then existing provisions of the Consolidated Farm and Rural Development Act or any other Act administered by Secured Party all with interest; *(2)* in any event and at all times to secure the prompt payment of all advances and expenditures made by Secured Party, with interest, as described in this Security Agreement; and *(3)* the timely performance of every covenant and agreement of Debtor contained in this Security Agreement or in any supplementary agreement.

**DEBTOR GRANTS** to Secured Party a security interest in Debtor's interest in the following described collateral, including the proceeds and products thereof, accessions thereto, future advances and security acquired hereinafter (collateral); provided however the following description of specific items of collateral shall not in any way limit the collateral covered by this Security Agreement and the Secured Party's interest therein *(a)*:

Initial _KR_ Date _1-29-15_

Exhibit C

(b) All crops, annual and perennial, and other plant or farm products now planted, growing or grown, or harvested or which are planted after this Security Agreement is signed or otherwise become growing or harvested crops or other plant products *(1)* within the one-year period or any longer period of years permissible under State law, or *(2)* at any time after this Security Agreement is signed if no fixed maximum period is prescribed by State law, including crops and plant products now planted, to be planted, growing or grown or harvested on the following described real estate:

| (1)<br>Farm or Other Real Estate Owner | (2)<br>Approximate<br>Number of Acres | (3)<br>County and State | (4)<br>Approximate Distance and<br>Direction from Named Town or<br>Other Description |
|---|---|---|---|
| Raddatz, Randall | | ST CROIX, WI | All crops and plant products<br>wherever grown. |

Including all entitlements, benefits, and payments from all State and Federal farm programs; all crop indemnity payments; all payment intangibles arising from said crops and all general intangibles arising from said crops; and all allotments and quotas existing on or leased and transferred or to be leased and transferred to the above described farms as well as any proceeds derived from the conveyance or lease and transfer by the Debtor to any subsequent party.

Initial *R.R.* Date *1 - 29 - 15*

Exhibit C

FSA-2028 (09-03-10)                                                                                    Page 3 of 7

(c) All farm and other equipment (except small tools and small equipment such as hand tools, power lawn mowers and other items
    of like type unless described below), and inventory, now owned or hereafter acquired by Debtor, together with all replacements,
    substitutions, additions, and accessions thereto, including but not limited to the following which are located in the State(s) of (1)
    _____Wisconsin_____

| (2) Line No. | (3) Quantity | (4) Kind | (5) Manufacturer | (6) Size and Type | (7) Condition | (8) Year | (9) Serial or Model No. |
|---|---|---|---|---|---|---|---|
| 1 | 1 | Tractor | JD | 7930 | VG | 2008 | |
| 2 | 1 | Gator | JD | 825I | VG | 2014 | |
| 3 | 1 | Semi Tractor | Freightliner | Century Classic | VG | 2004 | |
| 4 | 1 | Planter | JD | 7200 | F | | |
| 5 | 1 | Grain Cart | Unverferth | 1000 bu | VG | | |
| 6 | 1 | Digger | JD | 15' spring tooth | G | | |
| 7 | 1 | Grain Drill | JD | B 12' on rubber | G | | |
| 8 | 1 | Bean Head | JD | 625 | VG | 2004 | |
| 9 | 1 | Grain Auger | Westfield | 1081 - 81' | G | | |
| 10 | 1 | GPS | Greenstar | GU26 | EX | | |

Including the following described fixtures which are affixed, or are to be affixed to real estate, as extracted collateral; or timber to be
cut, all of which, together with the associated real estate, are more particularly described as follows:

Initial _JK UL_ Date _1-27-15_

Exhibit C

FSA-2028 (09-03-10)                                                                      Page 4 of 7

(d)  All livestock (except livestock and poultry kept primarily for subsistence purposes), fish, bees, birds, furbearing animals, other
     animals produced or used for commercial purposes, other farm products, and supplies, now owned or hereafter acquired by
     Debtor, together with all increases, replacements, substitutions, and additions thereto, including but not limited to the following
     located in the State(s) of (1)

     Wisconsin

| (2) Line No. | (3) Quantity | (4) Kind-Sex | (5) Breed | (6) Color | (7) Weight | (8) Age | (9) Brand or Other Identification |
|---|---|---|---|---|---|---|---|
| 1 | 5 | Cattle - Brdg. - Cows | Hereford | RW | | 2-5y | |
| 2 | 2 | Cattle - Brdg. - Heifers | Hereford | RW | | 12-24 | |

Initial _RcR_ Date _1 - 2 9 - 15_

Exhibit C

(c)  All accounts, deposit accounts, goods, supplies, inventory, supporting obligations, investment property, certificates of title, payment intangibles, and general intangibles, including but not limited to the following:

## 3. DEBTOR WARRANTS, COVENANTS, AND AGREES THAT:

(a)  Debtor is the absolute and exclusive owner of the above-described collateral, and any marks or brands used to describe livestock are the holding brands and carry the title, although the livestock may have other marks or brands, and such collateral is free from all liens, encumbrances, security and other interests except *(1)* any existing liens, encumbrances, security or other interests in favor of Secured Party which shall remain in full force and effect; *(2)* any applicable landlord's statutory liens; and (3) other liens, encumbrances, security or other interests previously disclosed to Secured Party in the loan application, farm operating plan or other loan documents. Debtor will defend the collateral against the claims and demands of all other persons.

(b)  Statements contained in Debtor's loan application and related loan documents are true and correct and that Debtor's name, as stated in the loan application and in this Security Agreement, is Debtor's complete legal name; and Debtor will *(1)* use the loan funds for the purposes for which they were or are advanced; *(2)* comply with such farm operating plans as may be agreed upon from time to time by Debtor and Secured Party; *(3)* care for and maintain collateral in a good and husbandlike manner; *(4)* insure the collateral in such amounts and manner as may be required by Secured Party, and if Debtor fails to do so, Secured Party, at its option, may procure such insurance; *(5)* permit Secured Party to inspect the collateral at any reasonable time; *(6)* not abandon the collateral or encumber, conceal, remove, sell or otherwise dispose of it or of any interest in the collateral, or permit others to do so, without the prior written consent of Secured Party; *(7)* not permit the collateral to be levied upon, injured or destroyed, or its value to be impaired, except by using harvested crops in amounts necessary to care for livestock covered by this Security Agreement; and *(8)* maintain accurate records of the collateral, furnish Secured Party any requested information related to the collateral and allow Secured Party to inspect and copy all records relating to the collateral.

(c)  Debtor will pay promptly when due all *(1)* indebtedness evidenced by the Note and any indebtedness to Secured Party secured by this Security Agreement; *(2)* rents, taxes, insurance premiums, levies, assessments, liens, and other encumbrances, and costs of lien searches and maintenance and other charges now or later attaching to, levied on, or otherwise pertaining to the collateral or this security interest; *(3)* filing or recording fees for instruments necessary to perfect, continue, service, or terminate this security interest; and *(4)* fees and other charges now or later required by regulations of the Secured Party.

(d)  Secured Party is authorized to file financing statements describing the collateral, to file amendments to the financing statements and to file continuation statements.

(e)  Debtor will immediately notify Secured Party of any material change in the collateral or in the collateral's location; change in Debtor's name, address, or location; change in any warranty or representation in this Security Agreement; change that may affect this security interest or its perfection; and any event of default.

(f)  Secured Party may at any time pay any other amounts required in this instrument to be paid by Debtor and not paid when due, including any costs and expenses for the preservation or protection of the collateral or this security interest, as advances for the account of Debtor. All such advances shall bear interest at the rate borne by the Note which has the highest interest rate.

(g)  All advances by Secured Party as described in this Security Agreement, with interest, shall be immediately due and payable by Debtor to Secured Party without demand and shall be secured by this Security Agreement. No such advance by Secured Party shall relieve Debtor from breach of the covenant to pay. Any payment made by Debtor may be applied on the Note or any indebtedness to Secured Party secured hereby, in any order Secured Party determines.

(h)  In order to secure or better secure the above-mentioned obligations or indebtedness, Debtor agrees to execute any further documents, including additional security instruments on such real and personal property as Secured Party may require and to take any further actions reasonably requested by Secured Party to evidence or perfect the security interest granted herein or to effectuate the rights granted to Secured Party herein.

Initial _Rd_  Date _1 - 29 - 15_

Exhibit C

FSA-2028 (09-03-10)                                                                                                    Page 6 of 7

**4. IT IS FURTHER AGREED THAT:**

(a)  Until default, Debtor may retain possession of the collateral.

(b)  **Default** shall exist under this Security Agreement if Debtor fails to perform or discharge any obligation or to pay promptly any indebtedness secured by this Security Agreement or to observe or perform any covenants or agreements in this Security Agreement or in any supplementary agreement contained, or if any of Debtor's representations or warranties herein prove false or misleading, or upon the death or incompetency of the parties named as Debtor, or upon the bankruptcy or insolvency of any one of the parties named as Debtor. Default shall also exist if any loan proceeds are used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands, as described in 7 CFR Part 1940, Subpart G, Exhibit M or any successor regulation. Upon any default:

   (1)  Secured Party, at its option, with or without notice as permitted by law may *(a)* declare the unpaid balance on the Note and any indebtedness secured by this Security Agreement immediately due and payable; *(b)* enter upon the premises and cultivate and harvest crops, take possession of, repair, improve, use, and operate the collateral or make equipment usable, for the purpose of protecting or preserving the collateral or this lien, or preparing or processing the collateral for sale, and *(c)* exercise any sale or other rights accorded by law. Secured Party may disclaim all warranties relating to title, possession, quiet enjoyment, merchantability, fitness or the like in any disposition of the collateral;

   (2)  Debtor *(a)* agrees to assemble the collateral and make it available to Secured Party at such times and places as designated by Secured Party; and *(b)* waives all notices, exemptions, compulsory disposition and redemption rights;

   (3)  A default shall exist under any other security instrument held by Secured Party and executed or assumed by Debtor on real or personal property. Likewise, default under such other security instrument shall constitute default under this Security Agreement.

(c)  Proceeds from disposition of collateral shall be applied first on expenses of retaking, holding, preparing for sale, processing, selling and the like and for payment of reasonable attorneys' fees and legal expenses incurred by Secured Party, second to the satisfaction of prior security interests or liens to the extent required by law and in accordance with current regulations of the Secured Party, third to the satisfaction of indebtedness secured by this Security Agreement, fourth to the satisfaction of subordinate security interests to the extent required by law, fifth to any obligations of Debtor owing to Secured Party and sixth to Debtor. Any proceeds collected under insurance policies shall be applied first on advances and expenditures made by Secured Party, with interest, as provided above, second on the debt evidenced by the Note, unless Secured Party consents in writing to their use by Debtor under Secured Party's direction for repair or replacement of the collateral, third on any other obligation of Debtor owing to Secured Party, and any balance shall be paid to Debtor unless otherwise provided in the insurance policies. Debtor will be liable for any deficiency owed to Secured Party after such disposition of proceeds of the collateral and insurance.

(d)  It is the intent of Debtor and Secured Party that to the extent permitted by law and for the purpose of this Security Agreement, no collateral covered by this Security Agreement is or shall become realty or accessioned to other goods.

(e)  Debtor agrees that the Secured Party will not be bound by any present or future State exemption laws. Debtor expressly **WAIVES** the benefit of any such State laws.

(f)  Secured Party may comply with any applicable State or Federal law requirements in connection with the disposition of the collateral and compliance will not be considered to adversely affect the commercial reasonableness of any sale of the collateral.

(g)  This Security Agreement is subject to the present regulations of the Secured Party and to its future regulations not inconsistent with the express provisions of this Security Agreement.

(h)  If any provision of this Security Agreement is held invalid or unenforceable, it shall not affect any other provisions, but this Security Agreement shall be construed as if it had never contained such invalid or unenforceable provision.

Initial _ALcR_  Date _1-29-15_

Exhibit C

FSA-2028 (09-03-10)                                                                                           Page 7 of 7

(i) The rights and privileges of Secured Party under this Security Agreement shall accrue to the benefit of its successors and assigns. All covenants, warranties, representations, and agreements of Debtor contained in this Security Agreement are joint and several and shall bind personal representatives, heirs, successors, and assigns.

(j) If at any time it shall appear to Secured Party that Debtor may be able to obtain a loan from other credit sources, at reasonable rates and terms for loans for similar purposes and periods of time, Debtor will, upon Secured Party's request, apply for and accept such loan in sufficient amount to pay the Note and any indebtedness secured by this Security Agreement. Debtor will be responsible for any application fees or purchase of stock in connection with such loan. The provisions of this paragraph do not apply if the Note secured by this Security Agreement is for a Conservation Loan.

(k) Failure of the Secured Party to exercise any right, whether once or often, shall not be construed as a waiver of any covenant or condition or of the breach of such covenant or condition. Such failure shall also not affect the exercise of such right without notice upon any subsequent breach of the same or any other covenant or condition.

(l) **SECURED PARTY HAS INFORMED DEBTOR THAT DISPOSAL OF PROPERTY COVERED BY THIS SECURITY AGREEMENT WITHOUT THE CONSENT OF SECURED PARTY, OR MAKING ANY FALSE STATEMENT IN THIS SECURITY AGREEMENT OR ANY OTHER LOAN DOCUMENT, MAY CONSTITUTE A VIOLATION OF FEDERAL CRIMINAL LAW.**

5. **CERTIFICATION**

*I certify that the information provided is true, complete and correct to the best of my knowledge and is provided in good faith. (Warning: Section 1001 of Title 18, United States Code, provides for criminal penalties to those who provide false statements. If any information is found to be false or incomplete, such finding may be grounds for denial of the requested action.)*

6A. _____          6B. *(Date)* __1 – 29 – 15__
    RANDALL L RADDATZ

_____          *(Date)* _____
Debtor

NOTE: *The following statement is made in accordance with the Privacy Act of 1974 (5 U.S.C. 552a - as amended). The authority for requesting the information identified on this form is the Consolidated Farm and Rural Development Act, as amended (7 U.S.C. 1921 et. seq.). The information will be used to determine eligibility and feasibility for loans and loan guarantees, and servicing of loans and loan guarantees. The information collected on this form may be disclosed to other Federal, State, and local government agencies, Tribal agencies, and nongovernmental entities that have been authorized access to the information by statute or regulation and/or as described in the applicable Routine Uses identified in the System of Records Notice for USDA/FSA-14, Applicant/Borrower. Providing the requested information is voluntary. However, failure to furnish the requested information may result in a denial for loans and loan guarantees, and servicing of loans and loan guarantees. The provisions of criminal and civil fraud, privacy, and other statutes may be applicable to the information provided.*

*According to the Paperwork Reduction Act of 1995, an agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a valid OMB control number. The valid OMB control number for this information collection is 0560-0238. The time required to complete this information collection is estimated to average 20 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.* **RETURN THIS COMPLETED FORM TO YOUR COUNTY FSA OFFICE.**

*The U.S. Department of Agriculture (USDA) prohibits discrimination in all of its programs and activities on the basis of race, color, national origin, age, disability, and where applicable, sex, marital status, familial status, parental status, religion, sexual orientation, political beliefs, genetic information, reprisal, or because all or part of an individual's income is derived from any public assistance program. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD).*

*To file a complaint of discrimination, write to USDA, Assistant Secretary for Civil Rights, Office of the Assistant Secretary for Civil Rights, 1400 Independence Avenue, S.W., Stop 9410, Washington, DC 20250-9410, or call toll-free at (866) 632-9992 (English) or (800) 877-8339 (TDD) or (866) 377-8642 (English Federal-relay) or (800) 845-6136 (Spanish Federal-relay). USDA is an equal opportunity provider and employer.*

Exhibit C

## UCC FINANCING STATEMENT



| NAME & PHONE OF CONTACT |
| --- |
| Paula I Danovsky |
| United States of America acting through Farm Service Agency |
| paula.danovsky@wi.usda.gov |
| 715-232-2614 Ext. 105 |

| SEND ACKNOWLEDGMENT TO: |
| --- |
| Paula I Danovsky |
| United States of America acting through Farm Service Agency |
| paula.danovsky@wi.usda.gov |

Filing # - 150001229418
Filed - 1/29/2015 8:37:33 AM
Wisconsin Department of Financial Institutions

### Debtor's Exact Full Legal Name

| | Organization's Name | | | |
| --- | --- | --- | --- | --- |
| OR | | | | |
| | Individual's Surname | First Personal Name | Additional Name(s)/Initial(s) | Suffix |
| | Raddatz | Randall | Leigh | |
| Mailing Address | City | State | Postal Code | Country |
| 1175 County Road H | New Richmond | WI | 54017 | UNITED STATES |

### Secured Party's Name (or name of Total Assignee or Assignor S/P)

| | Organization's Name | | | |
| --- | --- | --- | --- | --- |
| OR | United States of America acting through Farm Service Agency | | | |
| | Individual's Surname | First Personal Name | Additional Name(s)/Initial(s) | Suffix |
| Mailing Address | City | State | Postal Code | Country |
| 390 Red Cedar St, Ste A | Menomonie | WI | 54751 | UNITED STATES |

### This financing statement covers the following collateral:

(a) All crops, livestock, farm products, equipment, certificates of title, goods, supplies, inventory, accounts, deposit accounts, supporting obligations, payment intangibles, general intangibles, investment property, crop insurance indemnity payments, and all entitlements, benefits, and payments from all state and federal programs;

(b) all 2015 crops; and

(c) All proceeds, products, accessions, and security acquired hereafter.

The security interest perfected secures a future advance clause and the security agreement contains an after-acquired property clause.

Disposition of such collateral is not hereby authorized.

### Alternative Designation:

Not Applicable

### Financing Statement Relates To:

Not Applicable

### Optional Filer Reference Data:

Exhibit D

Raddatz-2015 crops

**Miscellaneous:**

Not filled in.

**Collateral is:**

No Designation

**Form Type:**

UCC Financing Statement

Exhibit D

# UCC FINANCING STATEMENT AMENDMENT

NAME & PHONE OF CONTACT
Paula L Danovsky
United States of America acting through Farm Service Agency
paula.danovsky@wi.usda.gov
715-232-2614 Ext. 105

SEND ACKNOWLEDGMENT TO:
Paula L Danovsky
United States of America acting through Farm Service Agency
paula.danovsky@wi.usda.gov

**DFI**

Filing # - 150001229216
Filed - 1/29/2015 8:37:33 AM
Wisconsin Department of Financial Institutions

INITIAL FINANCING STATEMENT FILE #
120000562821
AMENDMENT (PARTY INFORMATION): This Amendment affects Debtors of record.

CURRENT RECORD INFORMATION:

DEBTOR'S NAME
Raddatz, Ashley Kay

CHANGED RECORD INFORMATION:
Deleted.

CURRENT RECORD INFORMATION:

DEBTOR'S NAME
Raddatz, Randall Leigh

CHANGED RECORD INFORMATION:

| OR | ORGANIZATION'S NAME | | | | | |
|---|---|---|---|---|---|---|
| | INDIVIDUAL'S SURNAME<br>Raddatz | FIRST PERSONAL NAME<br>Randall | | ADDITIONAL NAME(s)/INITIAL(s)<br>Leigh | | SUFFIX |
| | MAILING ADDRESS<br>1175 County Road H | CITY<br>New Richmond | STATE<br>WI | POSTAL CODE<br>54017 | COUNTRY<br>UNITED STATES | |

AUTHORIZING PARTY

| OR | ORGANIZATION'S NAME<br>United States of America acting through Farm Service Agency | | | |
|---|---|---|---|---|
| | INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(s)/INITIAL(s) | SUFFIX |

OPTIONAL FILER REFERENCE DATA
Raddatz-Amend to change address and delete Ashley Raddatz from filing

**Exhibit E**

# UCC FINANCING STATEMENT



| NAME & PHONE OF CONTACT |
|---|
| Paula L Danovsky |
| United States of America acting through Farm Service Agency |
| |
| paula.danovsky@wi.usda.gov |
| 715-232-2614 Ext. 105 |

| SEND ACKNOWLEDGMENT TO: |
|---|
| Paula L Danovsky |
| United States of America acting through Farm Service Agency |
| |
| paula.danovsky@wi.usda.gov |

Filing # - 120000562821
Filed - 1/13/2012 8:31:19 AM
Wisconsin Department of Financial Institutions

## Debtor's Exact Full Legal Name

| OR | Organization's Name | | | |
|---|---|---|---|---|
| | Individual's Last Name | First Name | Middle Name | Suffix |
| | Raddatz | Randall | Leigh | |

| Mailing Address | City | State | Postal Code | Country |
|---|---|---|---|---|
| 2124 County Road CC | New Richmond | WI | 54017 | UNITED STATES |

| Type Of Organization | Jurisdiction of Organization | Organizational ID#, if any |
|---|---|---|
| | | |

| OR | Organization's Name | | | |
|---|---|---|---|---|
| | Individual's Last Name | First Name | Middle Name | Suffix |
| | Raddatz | Ashley | Kay | |

| Mailing Address | City | State | Postal Code | Country |
|---|---|---|---|---|
| 2124 County Road CC | New Richmond | WI | 54017 | UNITED STATES |

| Type Of Organization | Jurisdiction of Organization | Organizational ID#, if any |
|---|---|---|
| | | |

## Secured Party's Name (or name of Total Assignee or Assignor S/P)

| OR | Organization's Name | | | |
|---|---|---|---|---|
| | United States of America acting through Farm Service Agency | | | |
| | Individual's Last Name | First Name | Middle Name | Suffix |
| | | | | |

| Mailing Address | City | State | Postal Code | Country |
|---|---|---|---|---|
| 390 Red Cedar St, Ste A | Menomonie | WI | 54751 | UNITED STATES |

## This financing statement covers the following collateral:

(a) All crops, livestock, farm products, equipment, certificates of title, goods, supplies, inventory, accounts, deposit accounts, supporting obligations, payment intangibles, general intangibles, investment property, crop insurance indemnity payments, and all entitlements, benefits, and payments from all state and federal programs;

(b) _____ ; and

(c) All proceeds, products, accessions, and security acquired hereafter.

The security interest perfected secures a future advance clause and the security agreement contains an after-acquired property clause.

Disposition of such collateral is not hereby authorized.

**Exhibit F**

**Alternative Designation:**

Not Applicable

**Optional Filer Reference Data:**

Randall Raddatz

**Miscellaneous:**

Not filled in.

**Debtor Type:**

Not Applicable

**Form Type:**

UCC Financing Statement

Exhibit F

8 2 8 1 5 0 0
Tx:4230742

1007356
BETH PABST
REGISTER OF DEEDS
ST. CROIX CO., WI
RECEIVED FOR RECORD
02/02/2015 12:14 PM
EXEMPT #:
REC FEE: 30.00
PAGES: 7

## MORTGAGE FOR WISCONSIN

| Document Number | Document Title |
|---|---|
| Name & Return Address:<br>Dunn County FSA<br>390 Red Cedar St, Ste A<br>Menomonie, WI 54751 | Form Approved - OMB No. 0560-0237<br>3-FLP, WI Subparagraph 91B, 398A<br>and WI Exhibit 3 |

NOTE: *The following statement is made in accordance with the Privacy Act of 1974 (5 U.S.C. 552a - as amended). The authority for requesting the information identified on this form is the Consolidated Farm and Rural Development Act, as amended (7 U.S.C. 1921 et. seq.). The information will be used to determine eligibility and feasibility for loans and loan guarantees, and servicing of loans and loan guarantees. The information collected on this form may be disclosed to other Federal, State, and local government agencies, Tribal agencies, and nongovernmental entities that have been authorized access to the information by statute or regulation and/or as described in the applicable Routine Uses identified in the System of Records Notice for USDA/FSA-14, Applicant/Borrower. Providing the requested information is voluntary. However, failure to furnish the requested information may result in a denial for loans and loan guarantees, and servicing of loans and loan guarantees. The provisions of criminal and civil fraud, privacy, and other statutes may be applicable to the information provided.*

*According to the Paperwork Reduction Act of 1995, an agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a valid OMB control number. The valid OMB control number for this information collection is 0560-0237. The time required to complete this information collection is estimated to average 30 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.* **RETURN THIS COMPLETED FORM TO YOUR COUNTY FSA OFFICE.**

Recording Area

**Parcel Identification Number (PIN):**
**038-1016-30-415**

THIS MORTGAGE (**"instrument"**) is made **January 29, 2015**. The mortgagor is **Randall Leigh Raddatz, a single man,** (**"Borrower"**) whose mailing address is 1175 County Road H, New Richmond, WI 54017. This instrument is given to the United States of America, acting through the Farm Service Agency, United States Department of Agriculture (**"Government"**) located at 390 Red Cedar St, Ste A, Menomonie, WI 54751.

This instrument secures the following promissory notes, assumption agreements and/or shared appreciation agreements (collectively called **"Note"**), which have been executed or assumed by the Borrower unless otherwise noted, are payable to the Government, and authorize acceleration of the entire debt upon any default:

| Date of Instrument | Principal Amount | Annual Rate of Interest |
|---|---|---|
| 01-29-2015 | $253,000.00 | 2.625% |
| 12-06-2012 | $94,000.00 | 1.125% |

(The interest rate for any limited resource farm ownership or limited resource operating loans secured by this instrument may be increased as provided in Government regulations and the Note.)

By execution of this instrument, Borrower acknowledges receipt of all proceeds for the loan or loans evidenced by the above Note.

This instrument secures to the Government: (1) payment of the Note and all extensions, renewals, and modifications thereof; (2) recapture of any amount due under any Shared Appreciation Agreement entered into pursuant to 7 U.S.C. § 2001; (3) payment of all advances and expenditures, with interest, made by the Government, and (4) the obligations and covenants of Borrower set forth in this instrument, the Note, and any other loan agreements.

*This Instrument Was Drafted By The United States Department Of Agriculture, Farm Service Agency*
*By Paula Danovsky*

Initial(s) _____ Date _1 – 2 9 -15_

The U.S. Department of Agriculture (USDA) prohibits discrimination in all of its programs and activities on the basis of race, color, national origin, age, disability, and where applicable, sex, marital status, familial status, parental status, religion, sexual orientation, genetic information, political beliefs, reprisal, or because all or part of an individual's income is derived from any public assistance program. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). To file a complaint of discrimination, write to USDA, Assistant Secretary for Civil Rights, Office of the Assistant Secretary for Civil Rights, 1400 Independence Avenue, S.W., Stop 9410, Washington, DC 20250-9410, or call toll-free at (866) 632-9992 (English) or (800) 877-8339 (TDD) or (866) 377-8642 (English Federal-relay) or (800) 845-6136 (Spanish Federal-relay). USDA is an equal opportunity provider and employer.

Exhibit G

FSA 2029 WI, Mortgage for Wisconsin (Continued)

In consideration of any loan made by the Government under the Consolidated Farm and Rural Development Act, 7 U.S.C. §1921 et seq. as evidenced by the Note, Borrower irrevocably mortgages, grants and conveys to the Government the following described property situated in the State of Wisconsin, County of St. Croix:

**See Attachment A-Raddatz**

together with all rights (including the rights to mining products, gravel, oil, gas, coal or other minerals), interests, easements, fixtures, hereditaments, appurtenances, and improvements now or later attached thereto, the rents, issues and profits thereof, revenues and income therefrom, all water, water rights, and water stock pertaining thereto, and all payments at any time owing to Borrower by virtue of any sale, lease, transfer, or condemnation of any part thereof or interest therein (collectively called "the property"). This instrument constitutes a security agreement and financing statement under the Uniform Commercial Code and creates a security interest in all items which may be deemed to be personal property, including but not limited to proceeds and accessions that are now or hereafter included in, affixed, or attached to "**the property**."

Borrower COVENANTS that Borrower is lawfully seized of the estate hereby conveyed and has the right to mortgage, grant and convey the property and that the property is unencumbered, except for encumbrances of record.  Borrower warrants and will defend the title to the property against all claims and demands, subject to any encumbrances of record.

This instrument combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform mortgage covering real property.

UNIFORM COVENANTS. Borrower COVENANTS AND AGREES as follows:

1.  **Payment**.  Borrower shall pay promptly when due any indebtedness to the Government secured by this instrument.

2.  **Fees**.  Borrower shall pay to the Government such fees and other changes that may now or later be required by Government regulations.

3.  **Application of payments**.  Unless applicable law or Government's regulations provide otherwise, all payments received by Government shall be applied in the following order of priority: (a) to advances made under this instrument; (b) to accrued interest due under the Note; (c) to principal due under the Note; (d) to late charges and other fees and charges.

4.  **Taxes, liens, etc.**  Borrower shall pay when due all taxes, liens, judgments, encumbrances, and assessments lawfully attaching to or assessed against the property and promptly deliver to the Government without demand receipts evidencing such payments.

5.  **Assignment.**  Borrower grants and assigns as additional security all the right, title and interest in: (a) the proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or taking by eminent domain or otherwise of any part of the property, or for conveyance in lieu of condemnation; (b) all bonuses, rentals, royalties, damages, delay rentals and income that may be due or become due and payable to the Borrower or Borrower's assigns under any existing or future oil, gas, mining or mineral lease covering any portion of the property; and (c) all rents, issues, profits, income and receipts from the property and from all existing or future leases, subleases, licenses, guaranties and any other agreements for the use and occupancy of any portion of the property, including any extensions, renewals, modifications or substitutions of such agreements. Borrower warrants the validity and enforceability of this assignment.

Borrower authorizes and directs payment of such money to the Government until the debt secured by this instrument is paid in full. Such money may, at the option of the Government, be applied on the debt whether due or not. The Government shall not be obligated to collect such money, but shall be responsible only for amounts received by the Government. In the event any item so assigned is determined to be personal property, this instrument will also be regarded as a security agreement.

Borrower will promptly provide the Government with copies of all existing and future leases. Borrower warrants that as of the date of executing this instrument no default exists under existing leases. Borrower agrees to maintain, and to require the tenants to comply with, the leases and any applicable law. Borrower will obtain the Government's written authorization before Borrower consents to sublet, modify, cancel, or otherwise alter the leases, or to assign, compromise, or encumber the leases or any future rents. Borrower will hold the Government harmless and indemnify the Government for any and all liability, loss or damage that the Government may incur as a consequence of this assignment.

Initial(s) _____ Date _1-20-15_                                    FSA-2029-M WI (07-15-2014) Page 2 of 6

**Exhibit G**

FSA 2029 WI, Mortgage for Wisconsin (Continued)

6.   **Insurance**.  Borrower shall keep the property insured as required by and under insurance policies approved by the Government and, at its request, deliver such policies to the Government. If property is located in a designated flood hazard area, Borrower also shall keep property insured as required by 42 U.S.C. §4001 et seq. and Government regulations. All insurance policies and renewals shall include a standard mortgagee clause.

7.   **Advances by Government**. The Government may at any time pay any other amounts required by this instrument to be paid by Borrower and not paid by Borrower when due, as well as any cost for the preservation, protection, or enforcement of this lien, as advances for the account of Borrower. Advances shall include, but not be limited to, advances for payments of real property taxes, special assessments, prior liens, hazard insurance premiums, and costs of repair, maintenance, and improvements. All such advances shall bear interest at the same rate as the Note which has the highest interest rate. All such advances, with interest, shall be immediately due and payable by Borrower to the Government without demand. No such advance by the Government shall relieve Borrower from breach of Borrower's covenant to pay. Any payment made by Borrower may be applied on the Note or any secured debt to the Government, in any order the Government determines.

8.   **Protection of lien**. Borrower shall pay or reimburse the Government for expenses reasonably necessary or incidental to the protection of the lien and its priority and the enforcement or compliance with this instrument and the Note. Such expenses include, but are not limited to: costs of evidence of title to, and survey of, the property, costs of recording this and other instruments, attorneys' fees, trustees' fees, court costs, and expenses of advertising, selling, and conveying the property.

9.   **Authorized purposes**.  Borrower shall use the loan evidenced by the Note solely for purposes authorized by the Government.

10.  **Repair and operation of property**. Borrower shall: (a) maintain improvements in good repair; (b) make repairs required by the Government; (c) comply with all farm conservation practices and farm management plans required by the Government; and (d) operate the property in a good and husbandlike manner.  Borrower shall not (e) abandon the property; (f) cause or permit waste, lessening or impairment of the property; nor (g) cut, remove, or lease any timber, gravel, oil, gas, coal, or other minerals without the written consent of the Government, except as necessary for ordinary domestic purposes.

11.  **Legal compliance**. Borrower shall comply with all laws, ordinances, and regulations affecting the property.

12.  **Transfer or encumbrance of property**. Except as provided by Government regulations, the Borrower shall not lease, assign, sell, transfer, or encumber, voluntarily or otherwise, any of the property without the written consent of the Government. The Government may grant consents, partial releases, subordinations, and satisfactions in accordance with Government regulations.

13.  **Inspection**. At all reasonable times the Government may inspect the property to ascertain whether the covenants and agreements contained in this instrument are being performed.

14.  **Hazardous substances**. Borrower shall not cause or permit the presence, use, disposal, storage, or release of any hazardous substances on or in the property. The preceding sentence shall not apply to the presence, use, or storage on the property of small quantities of hazardous substances that are generally recognized to be appropriate to normal use and maintenance of the property. Borrower covenants that Borrower has made full disclosure of any such known, existing hazardous conditions affecting the property. Borrower shall not do, nor allow anyone else to do, anything affecting the property that is in violation of any federal, state, or local environmental law or regulation. Borrower shall promptly give the Government written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the property and any hazardous substance or environmental law or regulation of which Borrower has actual knowledge. If Borrower learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any hazardous substance affecting the property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with applicable environmental law and regulations. As used in this paragraph, "hazardous substances" are those substances defined as toxic or hazardous substances by environmental law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this paragraph, "environmental law" means Federal laws and regulations and laws and regulations of the jurisdiction where the property is located that relate to health, safety or environmental protection.

15.  **Adjustment; release; waiver; forbearance**. In accordance with Government regulations, the Government may (a) adjust the interest rate, payment, terms or balance due on the loan, (b) increase the mortgage by an amount equal to deferred interest on the outstanding principal balance, (c) extend or defer the maturity of, and renew and reschedule the payments on the Note, (d) release any party who is liable under the Note from liability to the Government, (e) release portions of the property and subordinate its lien, and

Initial(s) _ER ch_  Date _1-28-15_

**Exhibit G**

FSA 2029 WI, Mortgage for Wisconsin (Continued)

(I) waive any other of its rights under this instrument. Any and all of this can and will be done without affecting the lien or the priority of this instrument or Borrower's liability to the Government for payment of the Note secured by this instrument unless the Government provides otherwise in writing. HOWEVER, any forbearance by the Government - whether once or often - in exercising any right or remedy under this instrument, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

16. **Graduation**. If the Government determines that Borrower may be able to obtain a loan from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and periods of time, Borrower will, upon the Government's request, apply for and accept such a loan in sufficient amount to pay the Note secured by this instrument and to pay for stock necessary to be purchased in a cooperative lending agency in connection with such loan.

17. **Forfeiture**. Borrower shall be in default if any forfeiture action or proceeding, whether civil or criminal, is begun that in the Government's good faith judgment could result in forfeiture of the property or otherwise materially impair the lien created by this instrument or the Government's security interest. Borrower may cure such default by causing the action or proceeding to be dismissed with a ruling that precludes forfeiture of the Borrower's interest in the property or other material impairment of the lien created by this security instrument or the Government's security interest.

18. **False statement**. Borrower also shall be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to the Government (or failed to provide the Government with any material information) in connection with the loan evidenced by the Note.

19. **Cross Collateralization**. Default under this instrument shall constitute default under any other security instrument held by the Government and executed or assumed by Borrower. Default under any other such security instrument shall constitute default under this instrument.

20. **Highly erodible land; wetlands**. Any loan secured by this instrument will be in default if Borrower uses any loan proceeds for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as provided in 7 C.F.R. part 1940, subpart G, or any successor Government regulation.

21. **Non-discrimination**. If any part of the loan for which this instrument is given shall be used to finance the purchase, construction or repair of property to be used as an owner-occupied dwelling (herein called "the dwelling") and if Borrower intends to sell or rent the dwelling and has obtained the Government's consent to do so (a) neither Borrower nor anyone authorized to act for Borrower will, after receipt of a bona fide offer, refuse to negotiate for the sale or rental of the dwelling or will otherwise make unavailable or deny the dwelling to anyone because of race, color, religion, sex, national origin, disability, familial status or age, and (b) Borrower recognizes as illegal and hereby disclaims, and will not comply with or attempt to enforce any restrictive covenants on the dwelling relating to race, color, religion, sex, national origin, disability, familial status or age.

22. **Notices**. Notices given under this instrument shall be sent by certified mail unless otherwise required by law. Such notices shall be addressed, unless and until some other address is designated in a notice, in the case of the Government to the State Executive Director of the Farm Service Agency at the mailing address shown above, and in the case of Borrower at the address shown in the Government's Finance Office records (which normally will be the same as the mailing address shown above).

23. **Governing law; severability**. This instrument shall be governed by Federal law. If any provision of this instrument or the Note or its application to any person or circumstances is held invalid, such invalidity shall not affect other provisions or applications of this instrument or the Note which can be given effect without the invalid provision or application. The provisions of this instrument are severable. This instrument shall be subject to the present regulations of the Government, and to its future regulations not inconsistent with the express provisions hereof. All powers and agencies granted in this instrument are coupled with an interest and are irrevocable by death or otherwise, and the rights and remedies provided in this instrument are cumulative to remedies provided by law.

24. **Successors and assigns; joint and several covenants**. The covenants and agreements of this instrument shall bind and benefit the successors and assigns of Government and Borrower. Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this instrument but does not execute the Note: (a) is co-signing this instrument only to mortgage, grant and convey that Borrower interest in the property under this instrument; (b) is not personally obligated to pay the sums secured by this instrument; and (c) agrees that the Government and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this instrument or the Note without that Borrower's consent.

Initial(s) _____  Date _____

Exhibit G

FSA 2029 WI, Mortgage for Wisconsin (Continued)

25. **No merger.** If this instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. If Borrower acquires fee title to the property, the leasehold and the fee title shall not merge unless the Government agrees to the merger in writing. If the property is conveyed to the Government, title shall not merge (unless the Government elects otherwise) and the lien provided under this instrument shall not be affected by such conveyance.

26. **Time is of the essence.** Time is of the essence in the Borrower's performance of all duties and obligations under this instrument.

NON-UNIFORM COVENANTS. Borrower further COVENANTS AND AGREES as follows:

27. **Default; death; incompetence; bankruptcy.** Should default occur in the performance or discharge of any obligation in this instrument or secured by this instrument, or should the Borrower die or be declared incompetent, or should the Borrower be discharged in bankruptcy or declared an insolvent or make an assignment for the benefit of creditors, the Government, at its option, with or without notice, may: (a) declare the entire amount unpaid under the Note and any debt to the Government hereby secured immediately due and payable, (b) for the account of Borrower incur and pay reasonable expenses for repair or maintenance of, and take possession of, operate or rent the property, (c) upon application by it and production of this instrument, without other evidence and without notice of hearing of said application, have a receiver appointed for the property, with the usual powers of receivers in like cases, (d) foreclose this instrument and sell the property as prescribed by law, and (e) enforce any and all other rights and remedies provided herein or by present or future law.

28. **State law.** Borrower agrees that the Government will not be bound by any present or future State laws, (a) providing for valuation, appraisal, homestead or exemption of the property, (b) prohibiting maintenance of any action for a deficiency judgment or limiting the amount thereof or the time within which such action must be brought, (c) prescribing any other statute of limitations, (d) allowing any right of redemption or possession following any foreclosure sale, or (e) limiting the conditions which the Government may by regulation impose, including the interest it may charge, as a condition of approving a transfer of the property to a new Borrower. Borrower expressly waives the benefit of any such State laws.

29. **Assignment of leases and rents.** Borrower agrees that the assignment of leases and rents in this instrument is immediately effective on the recording of this instrument. Upon default, the Borrower will receive any rents in trust for the Government, and Borrower will not commingle the rents with any other funds. Any amounts collected shall be applied at the Government's discretion first to costs of managing, protecting and preserving the property, and to any other necessary related expenses. Any remaining amounts shall be applied to reduce the debt evidenced by the Note(s). Borrower agrees that the Government may demand that Borrower and Borrower's tenants pay all rents due or to become due directly to the Government if the Borrower defaults and the Government notifies Borrower of the default. Upon such notice, Borrower will endorse and deliver to the Government any payments of rents. If the Borrower becomes subject to a bankruptcy, then Borrower agrees that the Government is entitled to receive relief from the automatic stay in bankruptcy for the purpose of enforcing this assignment.

30. **Application of foreclosure proceeds.** The proceeds of foreclosure sale shall be applied in the following order to the payment of: (a) costs and expenses incident to enforcing or complying with this instrument, (b) any prior liens required by law or a competent court to be so paid, (c) the debt evidenced by the Note and all other debt to the Government secured by this instrument, (d) inferior liens of record required by law or a competent court to be so paid, (e) at the Government's option, any other debt of Borrower to the Government, and (f) any balance to Borrower. If the Government is the successful bidder at foreclosure or other sale of all or any part of the property, the Government may pay its share of the purchase price by crediting such amount on any debts of Borrower owing to the Government in the order prescribed above.

By signing below, Borrower accepts and agrees to the terms and covenants contained in this instrument and in any rider executed by Borrower and recorded with this instrument.

Randall Leigh Raddatz

Initial(s) _____ Date _1 — 3 0 — 15_

Exhibit G

FSA 2029 WI, Mortgage for Wisconsin (Continued)

ACKNOWLEDGMENT

STATE OF WISCONSIN
COUNTY OF DUNN     } ss.

On this day 29 of January, 2015, before me, the undersigned, personally appeared Randall Leigh Raddatz, to be known to me to be same whose name is subscribed, to the foregoing instrument, and acknowledged that he signed and delivered the instrument as his free and voluntary acts, for the uses and purposes set forth.

My commission expires:  November 2, 2018



Colleen A. Mensing

NOTARY PUBLIC

Initial(s) _____ Date 1-28-15          FSA-2029-M WI (07-15-2014) Page 6 of 6

Exhibit G

Attachment A-Raddatz

Parcel 1: Lot 7 of Certified Survey Map filed October 29, 2013, in Vol. 26 of CSM, pg. 5980, as Doc. No. 988325 located in part of Government Lots 5 and 6 of Section 3, Township 31 North, Range 18 West, Town of Star Prairie, St. Croix County, Wisconsin; being Lots 4 and 5 of CSM filed in Vol. 15, pg. 4139, as Doc. No. 652306.

Exhibit G



| United States Department of Agriculture | Farm and Foreign Agricultural Services | Farm Service Agency | Wisconsin State Office 8030 Excelsior Drive, Suite 100 Madison, WI 53717 Ph.: 608-662-4422 Fax: 855-758-0755 |
|---|---|---|---|

Certified Mail Return Receipt Requested & Regular

Subject: **NOTICE OF ACCELERATION OF YOUR DEBT TO THE FARM SERVICE AGENCY AND DEMAND FOR PAYMENT OF THAT DEBT**

Randall Raddatz                                    February 3, 2017
6 260th Street
Osceola WI 54020                        7015 1520 0001 8836 0825

Dear Mr. Raddatz:

PLEASE NOTE that the entire indebtedness due on the promissory notes and/or assumption agreements which evidence the loans received by you from the United States of America, acting through the Farm Service Agency, United States Department of Agriculture is now declared immediately due and payable. They are described as follows:

| Debt Instrument | Date of Instrument | Original Amount |
|---|---|---|
| Promissory Note | 12/6/2012 | $94,000 |
| Promissory Note | 1/29/15 | $253,000 |
| Promissory Note | 10/18/16 | $20 |

The promissory notes or assumption agreements are secured by real estate mortgages, deeds of trust, security agreement, and financing statements, etc., described and perfected as follows:

| Security Instrument | Date | Recording Office | Recording Information |
|---|---|---|---|
| Financing Statement | 1/13/2012 | WDFI | 120000562821 |
| Financing Statement | 1/29/15 | WDFI | 150001229418 |
| Mortgage | 1/29/15 | St. Croix County | 1007356 |

This acceleration of your indebtedness is made in accordance with the authority granted in the above-described instruments. **The reasons for the acceleration of your indebtedness include your conversion of collateral and your monetary default.**

USDA is an equal opportunity employer, provider and lender.

Exhibit H

The indebtedness due is $281,132.17 unpaid principal, and $8,805.98 unpaid interest, as of today, plus additional interest accruing at the rate of $19.0623 per day thereafter, plus any advances made by the United States for the protection of its security and interest accruing on any such advances and any shared appreciation. Unless full payment of your indebtedness is received made by one of the methods described below within 30 days from the date of this letter, the United States will foreclose the above described security instruments and pursue any other available remedies.

If your account is referred to the Department of Justice for foreclosure and/or other collection activity after foreclosure, such as a deficiency judgment or enforcing a judgment lien, attorney's fees may be added to your debt as well as a Department of Justice fee of 3 percent.

Full payment may be made in any of the following ways:

A) CASH

Payment should be made by cashier's check, certified check, or postal money order payable to the Farm Service Agency and delivered to FSA at the above listed address.

If you submit to the UNITED STATES any payment insufficient to pay the account in full or insufficient to comply with any arrangements agreed to between the Farm Service Agency and yourself, that payment WILL NOT CANCEL the effect of this notice. If such insufficient payments are received and credited to your account, no waiver or prejudice of any rights which the UNITED STATES may have for breach of any promissory note or covenant in the security instruments will result and the Farm Service Agency may proceed as though no such payment had been made.

B) TRANSFER AND ASSUMPTION

You may transfer the collateral for your loans to someone who is willing and able to assume the debt. Contact FSA immediately if you are interested in this.

C) SALE

You may sell the collateral for your loans for its market value and send the proceeds to FSA or to other creditors with liens prior to FSA's lien. Contact FSA immediately if you are interested in this.

If you fail to comply with the requirements outlined in this notice within the next 30 days, the United States plans to proceed with foreclosure/liquidation.

Exhibit H

YOU DO NOT HAVE ANY RIGHT TO APPEAL THIS DECISION TO ACCELERATE
YOUR FSA DEBTS.

*UNITED STATES OF AMERICA*

BY: _____

Randall Cook
District Director
Farm Service Agency
United States Department of Agriculture

RC:dl

cc:     Farm Loan Chief, FSA/STO
        Farm Loan Specialist, FSA/Barron County USDA Service Center
        Farm Loan Manager, FSA/Barron County USDA Service Center

Notice to Customers Presenting Checks
When you provide a check as payment, you authorize us either to use information from your check to make a one-
time electronic fund transfer from your account or to process the payment as a check transaction.  For inquiries,
please contact your local office.

Privacy Act – A Privacy Act Statement required by 5.U.S.C. § 552(e)(3) stating our authority for soliciting and
collecting the information from your check, and explaining the purposes and routine uses which will be made of your
check information, is available from our internet site at (http://www.fms.treas.gov/otcnet/index.html ), or call toll
free at (1-866-945-7920) to obtain a copy by mail.  Furnishing the check information is voluntary, but a decision not
to do so may require you to make payment by some other method.

USDA is an equal opportunity employer, provider and lender.

Exhibit H

# USPS Tracking®

Still Have Questions?
Browse our FAQs ›



Get Easy Tracking Updates ›
Sign up for My USPS.

Tracking Number: **701515200001 88360825**

## Product & Tracking Information

**Postal Product:**

**Features:**
Certified Mail™

| DATE & TIME | STATUS OF ITEM | LOCATION |
|---|---|---|
| **February 8, 2017 , 11:20 am** | Delivered | **OSCEOLA, WI 54020** |

Your item was delivered at 11:20 am on February 8, 2017 in OSCEOLA, WI 54020.

| | | |
|---|---|---|
| February 7, 2017 , 12:15 pm | Notice Left (No Authorized Recipient Available) | OSCEOLA, WI 54020 |
| February 7, 2017 , 8:02 am | Arrived at Unit | OSCEOLA, WI 54020 |
| February 7, 2017 , 12:28 am | Departed USPS Origin Facility | SAINT PAUL, MN 55121 |
| February 6, 2017 , 9:07 pm | Arrived at USPS Origin Facility | SAINT PAUL, MN 55121 |
| February 4, 2017 , 11:07 am | Picked Up | CUMBERLAND, WI 54829 |

## Available Actions

Text Updates

Email Updates

## Track Another Package

**Tracking (or receipt) number**

Track It

## Manage Incoming Packages

Track all your packages from a dashboard.
No tracking numbers necessary.

Sign up for My USPS ›



HELPFUL LINKS
Contact Us
Site Index
FAQs

ON ABOUT USPS.COM
About USPS Home
Newsroom
USPS Service Updates
Forms & Publications
Government Services
Careers

OTHER USPS SITES
Business Customer Gateway
Postal Inspectors
Inspector General
Postal Explorer
National Postal Museum
Resources for Developers

LEGAL INFORMATION
Privacy Policy
Terms of Use
FOIA
No FEAR Act EEO Data

Copyright © 2017 USPS. All Rights Reserved

Exhibit H

This form is available electronically.

| CCC-186 | U.S. DEPARTMENT OF AGRICULTURE | Form Approved - OMB No. 0560-0204  Page 1 of 2 |
|---|---|---|
| (02-11-08) | Commodity Credit Corporation | FOR FSA USE ONLY |

**Farm Storage Facility Loan Program**

**PROMISSORY NOTE AND SECURITY AGREEMENT**

| | |
|---|---|
| FOR FSA USE ONLY | |
| 1. Loan Identification Number | |

| A. State Code | B. County Code | C. Loan Number |
|---|---|---|
| 55 | 109 | 2012 /00016 |

2. Amount Financed

$     23,787.24

| 7A. Debtor's Name and Address (Including ZIP Code) | 7B. Telephone Number (Including Area Code) |
|---|---|
| RANDALL L RADDATZ<br>2124 COUNTY ROAD CC<br>NEW RICHMOND, WI. 54017-6202 | (000) 000-0000 |

| 3. Annual Percentage Rate | 4. Finance Charge 1/ |
|---|---|
| 1.0000 % | $            960.95 |
| 5. No. of Annual Installments | 6. Installment Amount |
| 7 | $          3,535.46 |

8. Co-Debtor's Name and Address (Including ZIP Code)

ASHLEY K RADDATZ
2124 COUNTY ROAD CC
NEW RICHMOND, WI.          54017-6202

1/ Assuming installments are paid on anniversary date
   at the interest rate shown in Item 3 above

The undersigned Debtor(s) jointly and severally promise to pay to the order of the Commodity Credit Corporation (CCC) the principal amount shown above as "Amount Financed," together with interest and other charges provided herein.  Payment shall be in the number of equal annual installments shown above with interest at the "Annual Percentage Rate" specified above. Equal loan installments, amortized over the loan term are due and payable no later than the last day of each 12 months of the loan period.  Payments shall be applied first to interest and then to principal.  Payment of loan installments and interest shall be made by check, cash, money order, or by deduction from amounts due Debtor from CCC.  Any delinquent amount may be deducted and paid out of any amounts due Debtor under any program carried out by any agency of the Department of Agriculture and any other agency of the United States.  The Debtor waives presentment for payment, demand, protest, notice of protest, and notice of nonpayment of this note.

Debtor hereby grants to CCC as collateral security for the payment of this note, plus interest and charges, a security interest in the following described farm storage equipment (a):
UCC FIXTURE FILING ON ALL EQUIPMENT FINANCED.

and the proceeds from any disposition of the collateral.  The collateral shall not be sold without prior written authority of CCC.  Such collateral is to be located upon the premises in Debtor's possession described (b):
SECTION 3 STAR PRAIRIE

Debtors shall grant CCC such additional security as it may require.  The above provisions and those on the reverse side hereof have been read and considered by the undersigned.  It is agreed that by signing this combined Promissory Note and Security Agreement, they make the representations, warranties, and agree to all the terms and conditions specified.

| 9A. Debtor's Signature<br>X  Randall L Raddatz | 9B. Debtor's Identification Number | 9C. Date of Execution (MM-DD-YYYY)<br>10 - 18 - 12 |
|---|---|---|
| 10A. Co-Debtor's Signature (if applicable)<br>X  Ashley Raddatz | 10B. Co-Debtor's Identification Number | 10C. Date(MM-DD-YYYY)<br>10-18-12 |

**11.    COMMODITY CREDIT CORPORATION SECURED PARTY**

| 11A. By: Approving Official's Signature<br>Kelly Mullivan | 12. FSA County Office Name and Address (Including ZIP Code)<br>ST CROIX COUNTY FSA OFFICE<br>1960 8TH AVE  SUITE 121<br>BALDWIN, WI. 54002-5160 |
|---|---|
| 11B. Title<br>Acting CED | 11C. Date of Disbursement (MM-DD-YYYY)<br>10/18/2012 |
| | Telephone Number: (715) 684-2874 |

NOTE:   The following statement is made in accordance with the Privacy Act of 1974 (5 USC 552a) and the Paperwork Reduction Act of 1995, as amended.  The authority for requesting the following information is 7 CFR Part 1436 and the Commodity Credit Corporation Charter Act, 15 USC 714 et seq.  The information will be used to determine eligibility for CCC financing for farm storage and drying equipment.  Furnishing the requested information is voluntary, however, without it CCC financing under the program cannot be provided.  Failure to furnish the requested information will result in denial of CCC financing under this program.  This information may be provided to other agencies, IRS, Department of Justice, or other State and Federal Law enforcement agencies, and in response to a court magistrate or administrative tribunal.  The provisions of criminal and civil fraud statutes, including 18 USC 286, 287, 371, 641, 651, 1001; 15 USC 714m, and 31 USC 3729, may be applicable to the information provided.
According to the Paperwork Reduction Act of 1995, an agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a valid OMB control number.  The valid OMB control number for this information collection is 0560-0204.  The time required to complete this information collection is estimated to average 15 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.
**RETURN THIS COMPLETED FORM TO YOUR COUNTY FSA OFFICE.**

The U.S. Department of Agriculture (USDA) prohibits discrimination in all its programs and activities on the basis of race, color, national origin, age, disability, and where applicable, sex, marital status, familial status, parental status, religion sexual orientation, genetic information, political beliefs, reprisal, or because all or part of an individual's income is derived from any public assistance program. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). To file a complaint of discrimination, write USDA, Director, Office of Civil Rights, 1400 SW Independence Avenue, SW, Washington, D.C. 20250-9410 or call (800) 795-3272 (voice) or (202) 720-6382 (TDD). USDA is an equal opportunity provider and employer.

Exhibit I

CCC-186 (02-11-08)

## CCC-186 TERMS AND CONDITIONS

1. The Debtor represents, covenants, and agrees that:

  (a)  The Debtor is the absolute and exclusive owner of the collateral, said collateral is free from all liens, encumbrances, or other security interests, and the Debtor will warrant and defend the collateral against the claims of all other persons.

  (b)  The Debtor will use the loan funds secured hereby for the purpose for which they are advanced and will properly care for the collateral, and keep it in good condition and available for the storing and conditioning only approved facility loan commodities until the entire loan is repaid. The Debtor will promptly pay when due all indebtedness secured hereby , all taxes, liens, and other charges assessed upon or attaching to the collateral and will not encumber the collateral ,remove, sell or otherwise dispose of the collateral or of any interest therein or permit others to do so.

  (c)  Any authorized representative of CCC may at any time enter upon the premises where the collateral is located and inspect the same.

  (d)  If any amounts required herein to be paid by him or her are not paid when due, they may be paid by CCC which shall be secured for such payments and interest thereon at the applicable rate of interest then in effect.  Such payments shall be due and payable to CCC immediately without demand at the office of the FSA County Committee which signed this note.

  (e)  During the life of this loan, the loan collateral shall not be used by any commercial operation including, but not limited to, elevators, warehouses, dryers or processing plants.  The storage and handling of approved facility loan commodities, whether paid or unpaid, for persons other than the borrower, except for family members as defined in 7 CFR Part 728, and/or tenants and landlords sharing in the crop requiring storage, is not allowed.  The entire indebtedness will immediately become due and payable if the above provisions are violated, except as authorized by CCC.

2. The Debtor certifies that the evidence furnished to the FSA County Committee as to the cost of the collateral represents the total cost of such property and that all debts on the property in excess of the amount of the loan have been paid, that he or she has read this note and security agreement and that he or she understands and agrees that the loan is made subject to and in consideration of the representations, warranties and agreements contained therein, and that this note is subject to the present regulations of CCC and to its future regulations not inconsistent with the express provisions hereof.

3. Upon default hereunder (whether by failure to pay promptly any indebtedness or installment thereof or interest thereon, or to perform any convenants or agreements herein contained), or if any of the Debtor's representations or warranties herein or if the loan application proves false, or upon the death, bankruptcy, insolvency, or incompetency of the Debtor or attachment or levy on collateral by any court process:

  (a)  CCC may declare the entire indebtedness secured hereby immediately due and payable.  In that event, CCC may remove the collateral and sell same.

  (b)  The Debtor hereby waives all rights of notice, appraisal, compulsory disposition, exemption, and redemption he or she may otherwise have by law.

  (c)  A default will exist under any other security instrument held by CCC and executed or assumed by the Debtor on real or personal property, and default under any such other security instrument will constitute default hereunder.

4. If the collateral is acquired by CCC through foreclosure or other means, at the option of CCC and at no expense to CCC, such property shall remain on the above-described real estate for a period not to exceed six (6) months after the date of acquisition by CCC.

5. Proceeds for disposition of the collateral shall be applied first on expenses of retaking, holding, preparing for sale, selling, and for payment of reasonable attorneys' fees and legal expenses incurred by CCC, second to the satisfaction of indebtedness secured hereby, third to the satisfaction of subordinate security interests to the extent required by law, fourth to any other obligations of the Debtor owing to or insured by CCC, and fifth to the Debtor.  The Debtor will be liable for any deficiency owed to CCC after such disposition of proceeds of collateral.

6. It is the intent of the Debtor and CCC that to the extent permitted by law and for the purpose of this note and security agreement the collateral covered hereby shall remain personalty and shall not be accessioned to other goods.

7. If any provision of this note and security agreement is held invalid or unenforceable it shall not affect any other provisions hereof, but this note and security agreement shall be construed as if it had never contained such invalid or unenforceable provision.

8. The rights and privileges of CCC under this note and security agreement shall insure to the benefit of its successors and assigns.  All covenants, warranties, representations, and agreements of the Debtor contained in this note and security agreement are joint and several and shall bind personal representatives, heirs, successors, and assigns.

9. The terms and conditions contained on this form are in addition to the applicable program regulations found at 7 C.F.R. 1436.  To the extent that the terms and conditions conflict with the regulations, the regulations prevail.  Additionally, the regulations and statutes applicable to CCC operations apply to this program.

10. CCC is authorized to file financing statements describing the collateral, to file amendments to the financing statements and to file continuation statements.

11. Debtor and Co-Debtors whose signature appears on CCC-186, items 9A and 10A MUST initial and date the corresponding item numbers referenced below:

| Initial | Date | Initial | Date |
|---|---|---|---|
| 9A _Ud AV_ | 10/18/12 | 10A _Ud AV_ | 10/18/12 |

12. If applicable, Co-Debtor(s) whose signature and date appears on CCC-186-1, items 10A through item 17B MUST initial and date the corresponding item numbers referenced below:

| Initial | Date | Initial | Date | Initial | Date | Initial | Date |
|---|---|---|---|---|---|---|---|
| 10A _Ud AV_ | 10/18/12 | 11A _Ud AV_ | 10/18/12 | 12A _Ud AV_ | 10/18/12 | 13A _LBAC_ | 10/18/12 |
| 14A _Ud AV_ | 10/18/12 | 15A _Ud AV_ | 10/18/12 | 16A _Ud AV_ | 10/18/12 | 17A _RC AV_ | 10/18/12 |

Exhibit I

```
WISCONSIN               U.S. Dept. of Agriculture        Prepared: 10-18-12
ST CROIX                   Farm Service Agency             As Of: 10-18-12
Report ID: VCA540-R001   LOAN AMORTIZATION REPORT           Page:    1
```

```
--------------------------------------------------------------------------
Borrower                 RANDALL L RADDATZ
Borrower ID                                    Number of Payments          7
Note Number              2012/00016            Interest Rate         1.000%
Installment Period       Annual                Installment Amount  3,535.46
--------------------------------------------------------------------------
Interest Start Date      10-18-2012
First Payment Date       10-18-2013            Note Amount         23,787.24
--------------------------------------------------------------------------
Payment   Due            Periodic      Principal      Interest     Remaining
Period    Date           Payment       Payment        Payment      Principal
--------------------------------------------------------------------------
  1     10-18-2013      3,535.46      3,297.59        237.87     20,489.65
  2     10-18-2014      3,535.46      3,330.56        204.90     17,159.09
  3     10-18-2015      3,535.46      3,363.87        171.59     13,795.22
  4     10-18-2016      3,535.46      3,397.51        137.95     10,397.71
  5     10-18-2017      3,535.46      3,431.48        103.98      6,966.23
  6     10-18-2018      3,535.46      3,465.80         69.66      3,500.43
  7     10-18-2019      3,535.43      3,500.43         35.00           .00
                      ============  ============  ============
        TOTALS         24,748.19     23,787.24        960.95
```

This amortization schedule reflects the application of principal and interest
when payments are made timely for the designated amount.

Exhibit I

RECEIVED

OCT 1 1 2012

ST CROIX COUNTY
F.S.A OFFICE

8092776
Tx:4071531

964636
BETH PABST
REGISTER OF DEEDS
ST. CROIX CO., WI
RECEIVED FOR RECORD
10/03/2012 12:22 PM
EXEMPT #:
REC FEE: 30.00
PAGES: 2

## UCC FINANCING STATEMENT AMENDMENT
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER [optional]
Cathy Asher 715-684-2874 ext. 2

B. SEND ACKNOWLEDGMENT TO: (Name and Address)

Commodity Credit Corporation
1960 8th Avenue, Suite 121
Baldwin, WI 54002

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1a. INITIAL FINANCING STATEMENT FILE #
963587 filed 9/17/2012

1b. This FINANCING STATEMENT AMENDMENT is [X] to be filed [for record] (or recorded) in the REAL ESTATE RECORDS.

2 [ ] TERMINATION: Effectiveness of the Financing Statement identified above is terminated with respect to security interest(s) of the Secured Party authorizing this Termination Statement.

3 [ ] CONTINUATION: Effectiveness of the Financing Statement identified above with respect to security interest(s) of the Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law.

4 [ ] ASSIGNMENT (full or partial): Give name of assignee in item 7a or 7b and address of assignee in item 7c; and also give name of assignor in item 9.

5. AMENDMENT (PARTY INFORMATION): This Amendment affects [ ] Debtor or [ ] Secured Party of record. Check only one of these two boxes.
Also check one of the following three boxes and provide appropriate information in items 6 and/or 7.

[ ] CHANGE name and/or address ... [ ] DELETE name ... [ ] ADD name ...

6. CURRENT RECORD INFORMATION:
6a. ORGANIZATION'S NAME

| OR 6b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| Raddatz | Randall | Leigh | |

7. CHANGED (NEW) OR ADDED INFORMATION:
7a. ORGANIZATION'S NAME

| OR 7b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|

7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY

7d. TAX ID #: SSN OR EIN  ADD'L INFO RE ORGANIZATION DEBTOR — NOT REQUIRED IN WISCONSIN | 7e. TYPE OF ORGANIZATION | 7f. JURISDICTION OF ORGANIZATION | 7g. ORGANIZATIONAL ID #, if any [X] NONE

8. AMENDMENT (COLLATERAL CHANGE): check only one box.
Describe collateral [ ] deleted or [ ] added, or give entire [X] restated collateral description, or describe collateral [ ] assigned.

Conrad American 27' x 8 ring grain bin with inside & outside ladders, safety platform, 27' 18 gauge Perflock drying floor, 12" floor supports, 24" 1ph 5hp axial fan with transition, Sukup low temperature heater, 2-8" intermediate wells, 27' 8" well, 8" horizontal unload auger with 3 hp Marathon motor & 8" Kleansweep.

9. NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT
9a. ORGANIZATION'S NAME
Commodity Credit Corporation c/o Saint Croix County Farm Service Agency

9b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX

10. OPTIONAL FILER REFERENCE DATA
FSFL 2012/00016

FILING OFFICE COPY — NATIONAL UCC FINANCING STATEMENT AMENDMENT (FORM UCC3) (REV. 07/29/98)

* An Individual's social security number is not required to be placed on the form in Wisconsin (See Instructions)

Exhibit J

# UCC FINANCING STATEMENT AMENDMENT ADDENDUM
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

11. INITIAL FINANCING STATEMENT FILE # (same as item 1a on Amendment form)
963587 filed 9/17/2012

12. NAME OF PARTY AUTHORIZING THIS AMENDMENT (same as item 9 on Amendment form)

| | 12a. ORGANIZATION'S NAME | | |
|---|---|---|---|
| OR | Commodity Credit Corporation | | |
| | 12b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME,SUFFIX |
| | | | |

13. Use this space for additional information

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

Parcel I.D. # 038-1016-30-400

Described as:
Lot 5 CSM 15/4139 located in the NW 1/4 of the SE 1/4 of Section 3,
T31N, R18W.

Owner of Record:
Dennis and Marybeth Raddatz

Exhibit J

```
8 0 8 7 1 6 4
Tx:4066600
```

963587
BETH PABST
REGISTER OF DEEDS
ST. CROIX CO., WI
RECEIVED FOR RECORD
09/17/2012 3:38 PM
EXEMPT #:
REC FEE: 30.00
PAGES: 2

**UCC FINANCING STATEMENT**
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER [optional]
Cathy Asher 715-684-2874 ext. 2

B. SEND ACKNOWLEDGMENT TO: (Name and Address)

Commodity Credit Corporation
c/o St. Croix County FSA
1960 8th Avenue, Suite 121
Baldwin, WI 54002

2

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

| 1a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OR | 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| | Raddatz | Randall | Leigh | |

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 2124 County Road CC | New Richmond | WI | 54017 | USA |

| 1d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION | 1f. JURISDICTION OF ORGANIZATION | 1g. ORGANIZATIONAL ID #, if any |
|---|---|---|---|---|
| NOT REQUIRED IN WIS* | | | | ☐ NONE |

2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (2a or 2b) - do not abbreviate or combine names

| 2a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OR | 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| | Raddatz | Ashley | Kay | |

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 2124 County Road CC | New Richmond | WI | 54017 | USA |

| 2d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID #, if any |
|---|---|---|---|---|
| NOT REQUIRED IN WIS* | | | | ☐ NONE |

3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| Commodity Credit Corporation c/o Saint Croix County FSA | | | |
| OR | 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 1960 8th Avenue, Suite 121 | Baldwin | WI | 54002 | USA |

4. This FINANCING STATEMENT covers the following collateral:

Conrad American 27' x 8 ring grain bin with inside & outside ladders,
safety platform, 27' 18 gauge Perflock drying floor, 12" floor supports,
24" 1ph 5hp axial fan with transition, Sukup low temperature heater, 2-8"
intermediate wells, 27' 8" well, 8" horizontal unload auger & 8"
Kleansweep.

Westfield MK100x71 auger

RECEIVED

[illegible] 2012

ST. CROIX COUNTY
FSA OFFICE

| 5. ALTERNATIVE DESIGNATION [if applicable]: | | LESSEE/LESSOR | CONSIGNEE/CONSIGNOR | BAILEE/BAILOR | SELLER/BUYER | AG. LIEN | NON-UCC FILING |
|---|---|---|---|---|---|---|---|
| 6. ☒ This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS.   Attach Addendum [if applicable] | | | 7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) [ADDITIONAL FEE]   [optional] | | All Debtors | Debtor 1 | Debtor 2 |

8. OPTIONAL FILER REFERENCE DATA
2012/00016

**FILING OFFICE COPY — NATIONAL UCC FINANCING STATEMENT (FORM UCC1) (REV. 07/29/98)**

* An Individual's social security number is not required to be placed on the form in Wisconsin (See Instructions)

Exhibit K

# UCC FINANCING STATEMENT ADDENDUM

FOLLOW INSTRUCTIONS (front and back) CAREFULLY

**9. NAME OF FIRST DEBTOR (1a or 1b) ON RELATED FINANCING STATEMENT**

| | 9a. ORGANIZATION'S NAME | | |
|---|---|---|---|
| OR | | | |
| | 9b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME,SUFFIX |
| | Raddatz | Randall | Leigh |

**10. MISCELLANEOUS:**

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

**11. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME** - insert only one name (11a or 11b) - do not abbreviate or combine names

| | 11a. ORGANIZATION'S NAME | | | |
|---|---|---|---|---|
| OR | | | | |
| | 11b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| | | | | |
| 11c. MAILING ADDRESS | | CITY | STATE | POSTAL CODE | COUNTRY |

| 11d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 11e. TYPE OF ORGANIZATION | 11f. JURISDICTION OF ORGANIZATION | 11g. ORGANIZATIONAL ID #, if any | |
|---|---|---|---|---|---|
| NOT REQUIRED IN WISCONSIN * | | | | | NONE |

**12.** [ ] ADDITIONAL SECURED PARTY'S or [ ] ASSIGNOR S/P'S NAME - insert only one name (12a or 12b)

| | 12a. ORGANIZATION'S NAME | | | |
|---|---|---|---|---|
| OR | | | | |
| | 12b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| 12c. MAILING ADDRESS | | CITY | STATE | POSTAL CODE | COUNTRY |

**13.** This FINANCING STATEMENT covers [ ] timber to be cut or [ ] as-extracted collateral, or is filed as a [X] fixture filing.

**14.** Description of real estate:

Parcel I.D. # 038-1016-30-400

Described as:
Lot 5 CSM 15/4139 located in
the NW 1/4 of the SE 1/4 of
Section 3, T31N, R18W.

**16.** Additional collateral description:

**15.** Name and address of a RECORD OWNER of above-described real estate (if Debtor does not have a record interest):

Dennis and Marybeth Raddatz

**17.** Check only if applicable and check only one box.
Debtor is a [ ] Trust or [ ] Trustee acting with respect to property held in trust or [ ] Decedent's Estate

**18.** Check only if applicable and check only one box.
[ ] Debtor is a TRANSMITTING UTILITY
[ ] Filed in connection with a Manufactured-Home Transaction — effective 30 years
[ ] Filed in connection with a Public-Finance Transaction — effective 30 years

RECEIVED

2012

ST. CROIX COUNTY
FSA OFFICE

FILING OFFICE COPY — NATIONAL UCC FINANCING STATEMENT ADDENDUM (FORM UCC1Ad) (REV. 07/29/98)

\* An Individual's social security number is not required to be placed on the form in Wisconsin (See Instructions)

Exhibit K

8093096
Tx:4071796

964724
BETH PABST
REGISTER OF DEEDS
ST. CROIX CO., WI
RECEIVED FOR RECORD
10/04/2012 12:02 PM
EXEMPT #:
REC FEE: 30.00
PAGES: 2

Return to:
Commodity Credit Corporation
c/o St. Croix County FSA
1960 8th Avenue, Suite 121
Baldwin, WI 54002

This form is available electronically.
**CCC-297**
(03-23-12)

**U.S. DEPARTMENT OF AGRICULTURE**
Commodity Credit Corporation

## SEVERANCE AGREEMENT

*See Page 2 for Privacy Act and Paperwork Reduction Act Statements.*

Parcel I.D.
038-1016-30-400

**WHEREAS,** *(a)* _____ Randall Leigh Raddatz _____ and
*(b)* _____ Ashley Kay Raddatz _____ , of *(c)* 2124 County Road CC, New Richmond , County of
*(d)* St. Croix _____ , State of *(e)* Wisconsin _____ , (herein called Debtors), have
applied to the Commodity Credit Corporation (herein called the Secured Party), for a loan and have agreed to give the
Secured Party a security interest in the following-described fixture(s) *(f)*:

Conrad American 27' x 8 ring grain bin with inside & outside ladders, safety platform, 27' 18
gauge Perflock drying floor, 12" floor supports, 24" 1ph 5hp axial fan with transition, Sukup
low temperature heater, 2-8" intermediate wells, 27' 8" well, 8" horizontal unload auger & 8"
Kleansweep.

which fixture(s) is (are) affixed to the following-described real estate: (Add legal description) *(g)*
Lot 5 CSM 15/4139 located in the NW 1/4 of the SE 1/4 of Section 3, T31N, R18W.

**NOW, THEREFORE,** in consideration of the making or insuring of such loan by the Secured Party, the
undersigned parties hereby (1) consent that the Debtors may grant to the Secured Party a security interest in said fixture(s)
under the Uniform Commercial Code, (2) consent to the installation of said equipment and agree said equipment shall be and
remain severed from the real property described above, and (3) agree that upon default of Debtors the Secured Party may (a)
take possession of and remove said fixture(s) without notice to the undersigned parties and without liability to them for any
diminution of value of the real estate caused by the absence of the fixture(s) or by any necessity for replacing the fixture(s),
and (b) enforce its security interest against said fixture(s) as personally.

The U.S. Department of Agriculture (USDA) prohibits discrimination in all of its programs and activities on the basis of race, color, national origin, age, disability, and where applicable, sex,
marital status, familial status, parental status, religion, sexual orientation, political beliefs, genetic information, reprisal, or because all or part of an individual's income is derived from any
public assistance program. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large
print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). To file a complaint of discrimination, write to USDA, Assistant Secretary for Civil Rights,
Office of the Assistant Secretary for Civil Rights, 1400 Independence Avenue, S.W., Stop 9410, Washington, DC 20250-9410, or call toll-free at (866) 632-9992 (English) or (800) 877-8339
(TDD) or (866) 377-8642 (English Federal-relay) or (800) 845-6136 (Spanish Federal-relay). USDA is an equal opportunity provider and employer.

OCT 15 2012

ST CROIX COUNTY
FSA Exhibit L

**CCC-297** (03-23-12)

Page 2 of 2

**IN WITNESS WHEREOF,** the undersigned parties hereto have executed this instrument
this *(h)* ___27ᵗʰ___ day of *(i)* ___September___ , *(j)* ___2012___ *(year)*.

_Dennis Raddatz_
Dennis Raddatz

_Randall Raddatz_
Randall L. Raddatz

_Ashley K Raddatz_
Ashley K. Raddatz

**CORPORATE
SEAL**

*(p)* **STATE OF** ___Wisconsin___
*(q)* **COUNTY OF** ___St. Croix___   } ss.   **ACKNOWLEDGMENT:**

On this *(r)* ___27ᵗʰ___ day of *(s)* ___September___ in the year *(t)* ___2012___ , before
me, the undersigned, a Notary Public in and for said State, personally appeared *(u)* ___Dennis, Randall & Ashley Raddatz___
personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are)
subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her/their capacity (ies), and
that by his/her/their signature(s) on the instrument, the individual(s) or the person on behalf of which the individual(s) acted,
execute the instrument.

(SEAL)

*NOTARY PUBLIC
PATRICIA A.
DEMULLING
STATE OF WISCONSIN*

_Patricia A. Demulling_
*(v)* Notary Public

My commission expires *(w)* ___5/19/2016___
*(MM-DD-YYYY)*

NOTE: The following statement is made in accordance with the Privacy Act of 1974 (5 USC 552a - as amended). The authority for requesting the information identified on this form is 7 CFR Part 1436, the Commodity Credit Corporation Charter Act (15 U.S.C. 714 et seq.), and the Food, Conservation, and Energy Act of 2008 (Pub. L. 110-246). The information will be used to obtain a Farm Storage Facility Loan Program severance agreement when there are real estate lien holders involving the land where a storage facility is to be located. The information collected on this form may be disclosed to other Federal, State, Local government agencies, Tribal agencies, and nongovernmental entities that have been authorized access to the information by statute or regulation and/or as described in applicable Routine Uses identified in the System of Records Notice for USDA/FSA-14, Applicant/Borrower. Providing the requested information is voluntary. However, failure to furnish the requested information will result in a determination of ineligibility for CCC financing under the Farm Storage Facility Loan Program..

This information collection is exempted from the Paperwork Reduction Act, as it is required for the administration of the Food, Conservation, and Energy Act of 2008 (see Pub. L. 110-246, Title I, Subtitle F -- Administration..

The provisions of appropriate criminal and civil fraud, privacy, and other statutes may be applicable to the information provided. RETURN THIS COMPLETED FORM TO YOUR COUNTY FSA OFFICE.

Exhibit L



| United States | Farm and Foreign | Farm | St. Croix County FSA Office |
|---|---|---|---|
| Department of | Agricultural | Service | 1960 8th Avenue, Suite 121 |
| Agriculture | Services | Agency | Baldwin, WI 54002-5160 |
| | | | PH 715-684-2874   FX 855-733-0177 |

01/19/2017

Randall Raddatz
2252 County Road CC
New Richmond, WI 54017

Dear Randall,

Our December 19, 2016 letter advised you that an installment payment was due and payable for the Farm Storage Facility Loan Program as follows.

| Loan Number | Date of Note and Security Agreement | Unpaid Principal Amount | Amount of Installment Due | Date Installment Due |
|---|---|---|---|---|
| 2012/00016 | 10/18/2012 | $12,309.98 | $3,565.45 | 10/18/2016 |

You were also advised that the entire loan amount would be called if you did **not** take action by 01/19/2017.  Since you have **not** taken any action to pay the amount due, the entire loan plus interest is now due and payable.  This entire amount is subject to set-off from any Agency of the U. S. Government.

If you do **not** take action to pay the entire loan plus interest by **02/19/2017**, in the amount of **$12,309.98**, action will proceed on behalf of the Commodity Credit Corporation to take possession of the farm storage facility and equipment under loan.  Under foreclosure proceedings, the collateral securing the loan may be sold and the proceeds of the sale will be applied to the outstanding amount of the loan.

Please send your check payable to the Commodity Credit Corporation to the County Office at the following address by the date due.

**Commodity Credit Corporation**
**C/O St. Croix County FSA**
**1960 8th Ave Suite 121**
**Baldwin, WI 54002**

If you believe that you have been sent this notice in error, that the determination is in error, or that the amount due is incorrect, you have 30 calendar days from the date of this letter to request in writing, reconsideration, mediation, or an appeal.

USDA is an equal opportunity provider, employer and lender.

Exhibit M

If you believe the decision by the COC is in error, you may elect any of the following options.

1.   Reconsideration by the County Committee (COC)
2.   Appeal to the State Committee (STC)
3.   Mediation
4.   Appeal to the National Appeals Division (NAD)

You may only select one option at a time.  You have 30 calendar days from the date you receive this letter to select one of the options listed.  If you select NAD prior to selecting the other options, once a hearing with NAD is held, you waive any rights you might have concerning appeal rights before the COC, STC, or requesting Mediation.

**Reconsideration**

You may request that the St. Croix County Committee reconsider this determination by filing a written request no later than 30 calendar days after you receive this notice according to the FSA's appeal procedures found at 7 CFR Part 780.  If you request reconsideration, you have the right to an informal hearing with (insert COC, Farm Loan Officer, Farm Loan Manager, SED, SFLO or STC, as applicable) that you or your representative may attend personally or by telephone.  If you choose to seek reconsideration, you may later appeal the determination (insert STC or NAD, as applicable), or requested mediation.

To request reconsideration, write to St. Croix County Committee at the following address and explain why you believe this determination is erroneous.

**c/o St. Croix County FSA**
**1960 8th Ave STE 121**
**Baldwin, WI 54002**

**Appeal to the Wisconsin State FSA Committee (STC)**

You may appeal the County Committee's determination to the State Committee by filing a written request no later than 30 calendar days after you receive this notice in accordance with the FSA appeal procedures found at 7 CFR Part 780.  If you appeal to the State Committee, you have the right to an informal hearing that you or your representative may attend either personally or by telephone.  If you choose to appeal to the State Committee, you may later appeal the determination of the State Committee to National Appeals Division (NAD), or request mediation (unless mediated previously).  If you appeal an initial decision of a County Committee to the State Committee, you waive your right to reconsideration by the County Committee of that decision.  To appeal, write to the State Committee at the following address and explain why you believe this determination is wrong.

Exhibit M

**Wisconsin State FSA Committee**
**Attention:  Brad Pfaff**
**8030 Excelsior Drive, Suite 100**
**Madison, WI  53717-2906**
**FAX:  (608) 662-9425**

## Mediation

(Mediation is not available on real estate or chattel appraisals.)  Mediation is available as part of FSA's informal appeal process.  Mediation may enable us to narrow the issues and resolve the matter by mutual agreement.  You may have to pay all or part of the cost of mediation.  If you request mediation, the running of the time frame in which you may file an appeal stops.  When mediation closes, the clock restarts and you will have the balance of the days remaining in that period to file an appeal.  To request mediation, you must submit your written request no later than 30 calendar days after you receive this notice.  To request mediation, write to the Wisconsin State mediation program at the following address and provide a copy of your request for mediation to FSA.

**Farm Mediation Program**
**Wisconsin Department of Agriculture Trade & Consumer Protection**
**P. O. Box 8911**
**Madison, WI 53708-8911**
**(800) 942-2474**
**farmcenter@wisconsin.gov**

## NAD Appeal

You may appeal this determination to the National Appeals Division (NAD) by filing a written request no later than 30 calendar days after you receive this notice according to the NAD appeal procedures found at 7 CFR Part 11.  If you appeal to NAD, you have the right to a hearing that you or your representative may attend.  Once a hearing with NAD begins, you waive any rights you might have to reconsideration, appeal to FSA, and mediation.  To appeal, you must write to NAD at the following address, explain why you believe this determination is erroneous, and provide a copy to FSA.  You must personally sign your written appeal to NAD and include a copy of this letter.

**USDA, National Appeals Division**
**Eastern Regional Office**
**P O Box 68806**
**Indianapolis, IN 46268-0806**

USDA is an equal opportunity provider, employer and lender.

Exhibit M

If you do not timely exercise one of the preceding options, this shall be the final administrative determination with respect to this matter according to the regulations at 7 CFR Part 780 and 7 CFR Part 11.

You may also contact the County Office to receive a copy of the documents related to this determination.

Sincerely,

Robert Forrest
County Executive Director
For the St. Croix FSA County Committee

cc: Ashley Raddatz

USDA is an equal opportunity provider, employer and lender.

Exhibit M



| USDA | United States Department of Agriculture | Farm and Foreign Agricultural Services | Farm Service Agency | St. Croix County FSA Office |
| --- | --- | --- | --- | --- |
| | | | | 1960 8th Avenue, Suite 121 |
| | | | | Baldwin, WI 54002-5160 |
| | | | | PH 715-684-2874   FX 855-733-0177 |

February 21, 2017

Randall Raddatz
2252 County Road CC
New Richmond, WI 54017

COPY

Dear Mr. Raddatz,

Our January 19, 2017 letter advised you that since you have not complied with the terms of your Farm Storage Facility Loan (FSFL), number 2012/00016 the Commodity Credit Corporation is calling the entire loan amount plus interest. Since you have not paid the entire amount due by the date specified, CCC must now take action to take possession of the storage facility and any other collateral used to secure the loan.

The storage facility and any other collateral used to secure the loan will be sold. The proceeds will be applied to the unpaid amount of the loan plus interest. Any costs of retaking and selling the facility will be added to the debt. Any deficiency in the debt left outstanding will still be an obligation to CCC and subject to setoff from any agency of the U.S. Government.

In order to facilitate sale of the collateral, please sign the enclosed form, Agreement for Sale of Loan Collateral (CCC-400). Return it to this office within 10 calendar days of the date of this letter. If you do not sign the form and object to the removal of collateral, a court foreclosure will proceed before collateral will be sold and removed.

If you believe that you have been sent this notice in error, that the determination is in error, or that the amount due is incorrect, you have 30 calendar days from the date of this letter to request in writing, reconsideration, mediation, or an appeal.

## Appeal Rights

You have the right to review and receive a copy of FSA records relating to this determination. You should contact this office regarding the review or copy of FSA records. If you believe the decision by the COC is in error, you may elect the following options.

1. Reconsideration by the County Committee (COC)
2. Appeal to the State Committee (STC)
3. Mediation
4. Appeal to the National Appeals Division (NAD)

You may only select one option at a time. You have 30 calendar days from the day you receive this letter to select one of the options listed. If you select NAD prior to selecting the

USDA is an equal opportunity provider, employer and lender.

Exhibit N

other options, once a hearing with NAD is held, you waive any rights you might have concerning appeal rights before the COC, STC, or requesting Mediation.

## Reconsideration

You may request that the **St. Croix County COC** reconsider this determination by filing a written request no later than 30 calendar days after you receive this notice according to the FSA's appeal procedures found at 7 CFR Part 780.  If you request reconsideration, you have the right to an informal hearing with the St. Croix County COC that you or you representative may attend personally or by telephone.  If you choose to seek reconsideration you may later appeal the determination to the Wisconsin State FSA Committee (STC), or request mediation.

To request reconsideration, write to the **St. Croix County COC** at the following address and explain why you believe this determination is erroneous.

> St. Croix County COC
> 1960 8th Ave Suite 121
> Baldwin, WI 54002

## Appeal to the Wisconsin State FSA Committee (STC)

You maybe appeal the County Committee's determination to the State Committee by filing a written request no later than 30 calendar days after you review this notice in accordance with the FSA appeal procedures found at 7 CFR Part 780.  If you appeal to the State Committee, you have the right to an informal hearing that you or your representation may attend either personally or by telephone.  If you choose to appeal to the State Committee, you maybe appeal the determination of the State Committee to National Appeals Division (NAD), or request meditation (unless mediated previously).  If you appeal an initial decision of a County Committee to the State Committee, you waive your right to reconsideration by the County Committee of that decision.  To appeal, write to the State Committee at the following address and explain why you believe this determination is wrong.

> Wisconsin State FSA Committee
> Attention: State Executive Director
> 8030 Excelsior Drive, Suite 100
> Madison, WI 53717-2906
> Fax: (855) 758-0755

## Mediation

Mediation is available as part of FSA's informal appeal process.  Mediation may enable us to narrow the issues and resolve the matter by mutual agreement.  You may have to pay all or part of the cost of mediation.  If you request mediation, the running of the time frame in which you may file an appeal to stops.  When mediation closes, the clock restarts and you will have the balance of the days remaining in that period to file an appeal.  To request mediation, you must submit your written request no later than 30 calendar days after you receive this notice.  To request mediation, write to the Wisconsin State mediation program at the following address and provide a copy of your request for mediation to FSA.

USDA is an equal opportunity provider, employer and lender.

Exhibit N

Farm Mediation Program
Wisconsin Department of Agriculture Trade and Consumer Protection
PO Box 8911
Madison, WI 53708-8911
(800)942-2474
Farmcenter@wisconsin.gov

**NAD Appeal**

You may appeal this determination to the National Appeals Division (NAD) by filing a
written request no later than 30 calendar days after you receive this notice according to the
NAD appeal procedures found at 7 CFR part 11. If you appeal to NAD, you have the right to
a hearing that you or your representative may attend. Once a hearing with NAD begins, you
waive any rights you might have to reconsideration, appeal to FSA, and mediation. To
appeal, you must write to NAD at the following address, explain why you believe this
determination is erroneous and provide a copy to FSA. You must personally sign your
written appeal to NAD and include a copy of this letter.

USDA, National Appeals Division
Eastern Regional Office
PO Box 68806
Indianapolis, IN 46268-0806

You may also contact the County Office to receive a copy of the documents related to this
determination.

County Executive Director

Enclosure: CCC-400

USDA is an equal opportunity provider, employer and lender.

Exhibit N

This form is available electronically.

| CCC-400 (11-19-15) | U.S. DEPARTMENT OF AGRICULTURE Commodity Credit Corporation | 1. FSA County Office Name and Address *(Including Zip Code)* St. Croix County FSA 1960 8th Ave Suite 121 Baldwin, WI 54002 |
|---|---|---|

**FARM STORAGE FACILITY LOAN PROGRAM AGREEMENT FOR SALE OF LOAN COLLATERAL**

Telephone Number *(Including Area Code)*:   715-684-2874

2. Serial Number

55/109/2017/2012/00016

NOTE: *The following statement is made in accordance with the Privacy Act of 1974 (5 USC 552a - as amended). The authority for requesting the information identified on this form is 7 CFR Part 1436, the Commodity Credit Corporation Charter Act (15 U.S.C. 714 et seq.), and the Agricultural Act of 2014 (Pub. L. 113-79). The information will be used to enable legal conveyance of Farm Storage Facility Loan Program collateral to CCC for sale. The information collected on this form may be disclosed to other Federal, State, Local government agencies, Tribal agencies, and nongovernmental entities that have been authorized access to the information by statute or regulation and/or as described in applicable Routine Uses identified in the System of Records Notice for USDA/FSA-14, Applicant/Borrower. Providing the requested information is voluntary. However, failure to furnish the requested information will result in a determination of ineligibility to convey Farm Storage Facility Loan Program collateral to CCC for sale.*

*This information collection is exempted from the Paperwork Reduction Act, as specified in the Agricultural Act of 2014 (Pub. L. 113-79, Title I Subtitle F. Administration). The provisions of criminal and civil fraud, privacy and other statutes may be applicable to the information provided.*
**RETURN THIS COMPLETED FORM TO YOUR COUNTY FSA OFFICE.**

| 3. Borrower's Name and Address *(Including Zip Code)* Randall Raddatz & Ashley Raddatz 2252 County Road CC New Richmond, WI 54017 | 4. Borrower's Telephone Number *(Including Area Code)*   715-781-2199 |
|---|---|

A.  **THIS AGREEMENT**, is made *(1)*   February   day of *(2)*   21   , *(Year) (3)*   2017

Between *(4)*   Randall Raddatz and Ashley Raddatz   *(the Borrower)*

and the Commodity Credit Corporation shall remain in effect for six-months.

The Borrower is indebted to CCC in the principal amount of *(5)*   twelve thousand three hundred nine dollars

and 98/100   *(6) ($*   12,309.98   *)* as evidenced by,

a Promissory Note and Security Agreement (CCC-186) executed with respect to the following property (collateral) *(7)*   27' x 8' ring

bin and related equipment   ; the Borrower desires that CCC take possession of and to sell this property and to apply the sales

proceeds to the debt owned by the Borrower to CCC together with such other costs, expenses, and indebtedness as are described in Item F.

B.  The Borrower conveys to CCC by execution of this Agreement possession of the collateral. The Borrower agrees that expenses incurred to preserve and sell the collateral shall be added to and become a part of the Borrower's indebtedness to CCC, under the same terms and conditions of the original note executed by the Borrower.

C.  CCC may:

(1)  To sell the collateral either at private sale or at public auction in the manner and at the place determined by CCC,

(2)  Purchase the collateral, and may execute a bill of sale, either in the name of the Borrower or in the name of CCC, for any such collateral sold at any such sale.

D.  The Borrower agrees that any loss of, deterioration of, or accidental damage to the collateral surrendered to CCC shall be borne by the Borrower. The Borrower releases and discharges CCC from liability for any and all claims of every nature whatsoever in connection with the handling, care, and sale by CCC of the collateral.

*The U.S. Department of Agriculture (USDA) prohibits discrimination against its customers, employees, and applicants for employment on the basis of race, color, national origin, age, disability, sex, gender identity, religion, reprisal, and where applicable, political beliefs, marital status, familial or parental status, sexual orientation, or all or part of an individual's income is derived from any public assistance program, or protected genetic information in employment or in any program or activity conducted or funded by the Department. (Not all prohibited bases will apply to all programs and/or employment activities.) Persons with disabilities, who wish to file a program complaint, write to the address below or if you require alternative means of communication for program information (e.g., Braille, large print, audiotape, etc.) please contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). Individuals who are deaf, hard of hearing, or have speech disabilities and wish to file either an EEO or program complaint, please contact USDA through the Federal Relay Service at (800) 877-8339 or (800) 845-6136 (in Spanish).*

*If you wish to file a Civil Rights program complaint of discrimination, complete the USDA Program Discrimination Complaint Form, found online at http://www.ascr.usda.gov/complaint_filing_cust.html, or at any USDA office, or call (866) 632-9992 to request the form. You may also write a letter containing all of the information requested in the form. Send your completed complaint form or letter by mail to U.S. Department of Agriculture, Director, Office of Adjudication, 1400 Independence Avenue, S.W., Washington, D.C. 20250-9410, by fax (202) 690-7442 or email at program.intake@usda.gov . USDA is an equal opportunity provider and employer.*

Exhibit N