IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                Case No. 18-cv-137-wmc

RANDALL L. RADDATZ, DENNIS
RADDATZ, MARY BETH RADDATZ,
ASHLEY RADDATZ, COUNTRYSIDE
COOPERATIVE, THE COOPERATIVE
FINANCE ASSOCIATION, INC., DEERE
& COMPANY, DAVID J. GREVICH,
FIRST NATIONAL COMMUNITY BANK,
and BRUCE ERICKSON,

    Defendants.

## AMENDED FINDINGS OF FACT AND CONCLUSIONS OF LAW

The above-captioned matter having come before the Court to be heard, Honorable William M. Conley, United States District Judge for the Western District of Wisconsin, presiding without a jury, on November 21, 2018, the Plaintiff, United States of America, having appeared by its attorney, the Office of the United States Attorney for the Western District of Wisconsin, and no appearance having been made on behalf of the Defendants herein, other than The Cooperative Finance Association, Deere & Company, and Bruce Erickson, except as may be noted on the record; the Clerk of the United States District Court for the Western District of Wisconsin having duly entered the default of Defendants Randall L. Raddatz and Countryside Cooperative; and the

remaining parties having filed motions for default judgment and/or motion for judgment on the pleadings, with accompanying declarations; it further appearing such motions having been made to the Defendants, and the Court having heard the matter and made Findings of Fact and Conclusions of Law, ECF No. 96; and the United States having moved to amend those Findings of Fact pursuant to Fed. R. Civ. P. 59 (e) or 60(a), the Court amends the Findings of Fact and incorporates the previous Conclusions of Law as follows.

## FINDINGS OF FACT

1. The allegations set forth in Counts I and II of the Amended Complaint are accepted as true.

2. The parties have stipulated to dismissal of Count III of the Amended Complaint with prejudice.

3. No other proceedings have been held at law or otherwise for the recovery of the sum secured by the promissory notes, security agreements, continuation statements, financing statements, and mortgages.

### Real Estate

4. There is now due and unpaid on all Promissory Notes and Mortgages held by the United States as of November 21, 2018, the sums set forth in Attachment A.

5. The mortgaged premises are described as follows:

> Lot 7 of Certified Survey Map filed October 29, 2013, in Volume 26 of C.S.M., page 5980, as Document Number 988325 located in part of Government Lots 5 and 6 of Section 3, Township 31 North, Range 18 West in the Town of Star Prairie, St. Croix County, Wisconsin; being Lots 4 and 5 of

C.S.M. filed in Volume 15, page 4139, as Document Number 652306.

6. The real estate is so situated that it cannot be sold in parcels without injury to the interest of the parties, and a sale of the whole will be more beneficial to the parties hereto.

7. No other Defendant holds a lien interest in the real property.

8. Notice of the pendency of this action was duly given on March 5, 2018, after the filing of the Complaint herein, by filing a Notice of Lis Pendens in the office of the Register of Deeds for St. Croix County, Wisconsin. This was done in the manner and form required by law, after the filing of the complaint herein, and more than twenty (20) days prior to the trial or other resolution of this action.

### Chattel

9. The chattel secured by the Promissory Notes and Security agreements held by the United States is described in Attachment B.

10. The United States and Defendant Deere & Company have entered into a Stipulation regarding security interest priorities and entry of judgment. Stip., ECF No. 42.

11. The United States has further agreed to the priority of Defendant Deere & Company in the following additional property:

> Any other equipment in which: (a) Defendant Randall Raddatz held a leasehold interest, and Defendant Deere & Company is able to provide a copy of such lease documentation to the United States, or (b) Defendant Randall Raddatz currently or previously owned, Deere & Company had a purchase money security interest

in, and Deere & Company is able to provide proof of its lien perfection in to the United States (collectively, "Other Deere Property").

12. Pursuant to the Stipulation entered between the United States and Defendant Deere & Company and the subsequent agreement between the United States and Defendant Deere & Company, Defendant Deere & Company has a superior lien interest in the (a) Other Deere Property, and (b) the following equipment by virtue of a Loan Contract and Security Agreement and a UCC Financing Statement that was filed with the Wisconsin Department of Financial Institutions on August 25, 2014, as set forth in the Stipulation:

> John Deere 7930 Row-Crop Tractor S/N: 013630, together with (1) all attachments, accessories and components, repairs and improvements, (2) all accounts, general intangibles, contract rights and chattel paper relating thereto, and (3) all proceeds, thereto including, without limitation, insurance, sale, lease and rental proceeds, and proceeds of proceeds

("Row Crop Tractor").

13. There is now due and unpaid on the Loan Contract held by Deere & Company as of November 21, 2018, not less than the following amounts, with interest accruing at a rate of 3.45%:

| | |
|---|---|
| Principal | $58,975.00 |
| Collateral fees and advances | 2,079.20 |
| Interest (through 11/21/18) @ 3.45% | 6,647.76 |
| Attorneys' fees | 1,781.00 |
| Costs (photocopies) | 1.00 |
| Total | $69,483.96 |

14. The United States and Defendant The Cooperative Finance Association, Inc. ("CFA") entered into a Stipulation regarding security interest priorities and entry of judgment. Stip., ECF No. 48.

15. By virtue of the Stipulation entered between the United States and CFA, CFA has a superior lien interest in Defendant Randall Raddatz's 2016 crops and the proceeds thereof. The Stipulation resolves CFA's counterclaim against the United States. ECF No. 30.

16. Defendant Randall Raddatz has defaulted under a Note and Security Agreement held by CFA. As of November 21, 2018, CFA is entitled to a total of $28,412.61, consisting of $21,377.41 in principal and interest, with interest accruing after November 21, 2018 at the rate of $6.07 per diem, plus $7,035.20 in attorneys' fees and costs.

17. Defendant Randall Raddatz did fraudulently and intentionally misrepresent to Defendant Bruce Erickson that he owned certain chattel, specifically the grain bin referenced in Exhibit L of the Complaint, ECF No. 1-13, free of any liens or encumbrances and that Raddatz sold to Defendant Erickson said grain bin resulting in damages to Defendant Erickson in the amount of $2,500.00 paid to the Plaintiff United States of America to release said lien and Attorney fees in the amount of $2,000.00.

18. The United States is entitled to immediate possession of the items of security on which the Farm Service Agency has a security interest, set out in the Complaint on file herein, as listed in Attachment B, except to those items released by the United States to Defendant Erickson.

## CONCLUSIONS OF LAW

1. The United States is entitled to judgment of foreclosure and sale of the mortgaged premises and secured chattel in the usual form as requested in the United States's Complaint, and in accordance with the above Findings of Fact.

2. That if necessary to secure possession of the chattel and premises, the Clerk of Court, upon application by The United States, shall issue a Writ of Assistance.

3. The Defendants and all persons claiming under them subsequent to the filing of the notice of the pendency of this action be and hereby are forever barred and foreclosed of all right, title, interest, claim and equity of redemption in the chattel and mortgaged premises.

4. Deficiency judgment is not being sought in this action.

### Real Estate

1. The mortgaged premises shall be sold as a whole.

2. The Defendants shall not be granted a right of redemption.

3. Sale of the premises shall be conducted by or under the direction of the United States Marshal for the Western District of Wisconsin. Notice of the sale shall be made by publication in the <u>Hudson Star Observer</u>, a newspaper published in the City of River Falls, St. Croix County, Wisconsin.

4. Proceeds from the sale of the subject premises shall be paid first to satisfy Defendant Randall L. Raddatz's debt to the United States as set forth in Attachment A, plus necessary costs and disbursements.

5. Any remaining proceeds from the sale of the subject premises shall be subject to further order of the Court.

**Chattel**

6. Defendant Deere & Company is entitled to lien priority in and to recover from the Row Crop Tractor and Other Deere Property the sum of $69,483.96, exclusive of fees and disbursements that may have occurred but not yet posted, and any fees, interest, or disbursements that may arise in the future, plus any other cross-collateralized amounts.

7. Defendant CFA is entitled to recover from Defendant Randall Raddatz the sum of $28,412.61, with interest continuing to accrue after November 21, 2018 at a rate of $6.07 per diem.

8. Defendant Erickson is entitled to recover from Defendant Randall Raddatz the sum of $4,500.00, with interest continuing to accrue after November 21, 2018 at the current judgment rate.

9. The United States is entitled to immediate possession of the items of security remaining in possession of Defendant Randall Raddatz as set out in Attachment B and in the Complaint on file herein.

10. The items of security may be sold individually or as a whole at a public or private sale, and the sale shall be conducted in the ordinary course by or under the direction of the United States Marshal for the Western District of Wisconsin or the United States Department of Agriculture's Farm Service Agency.

11. Proceeds from the sale of the chattel shall be paid first to satisfy Defendant Randall L. Raddatz's debt to the United States as set forth in Attachment A, plus necessary costs and disbursements, except that:

    a) Any proceeds from the disposition of the 7930 Row-Crop Tractor and Other Deere Property shall be applied first to satisfy Defendant Deere & Company's lien interest(s), before being applied to the lien interest held by the United States; and

    b) Any proceeds received from the disposition of Defendant Randall Raddatz's 2016 crops, and the proceeds thereof, shall be paid first to satisfy Defendant Cooperative Finance Association, Inc.'s lien interest before being applied to the lien interest held by the United States.

12. Any remaining proceeds from the sale of the subject chattel shall be subject to further order of the Court.

Now, on application of Plaintiff, United States of America,

IT IS THEREFORE ORDERED that:

1. Foreclosure of said mortgages and security agreements in the usual form as provided by and in accordance with the above Findings of Fact and Conclusions of Law be entered in this action.

2. Defendant CFA is entitled to recover from Defendant Randall Raddatz the sum of $28,412.61 with interest continuing to accrue after November 21, 2018 at a rate of $6.07 per diem.

3. Defendant Bruce Erickson is entitled to recover from Defendant Randall Raddatz the sum of $4,500.

Dated this 13th day of December, 2018.

BY THE COURT:

_____
WILLIAM M. CONLEY
United States District Judge

*United States v. Randall L. Raddatz, et al.*

Case No. 18-cv-137-wmc

ATTACHMENT A

Notes and Mortgages

a.     Principal as of November 21, 2018     $282,991.17

b.     Interest as of November 21, 2018     $ 18,725.73

        Total as of November 21, 2018     $301,716.90

Costs and Disbursements

c.     Filing of Notices of Lis Pendens     $     70.00

d.     United States Marshals Fees     $     797.95

        Total Costs & Disbursements     $     867.95

**TOTAL AS OF NOVEMBER 21, 2018**     $302,584.85

ATTACHMENT B
UNITED STATES OF AMERICA V. RANDALL L. RADDATZ, ET AL.
Case Number 18-cv-137-wmc

LIST OF ITEMS OF SECURITY

A. All crops, annual and perennial, and other plant or farm products now planted, growing or grown, or harvested or which were planted by Defendant Randall L. Raddatz in St. Croix County, Wisconsin, after the Security Agreement was executed on January 29, 2015, or otherwise become growing or harvested crops or other plant products (1) within the one-year period or any longer period of years permissible under State law, or (2) at any time after the Security Agreement was executed on January 29, 2015, if no fixed maximum period is prescribed by State law, including crops and plant products now planted, to be planted or harvested by Defendant Randall L. Raddatz in St. Croix County, Wisconsin.

B. All farm and other equipment (except small tools and small equipment such as hand tools, power lawn mowers and other items of like type unless described below), and inventory, now owned or hereafter acquired by Defendant Randall L. Raddatz, together with all replacements, substitutions, additions, and accessions thereto, including but not limited to the following:

| ITEM NO. | QTY | DESCRIPTION | MANUFACTURER | SIZE AND TYPE | SERIAL OR MODEL NO. |
|---|---|---|---|---|---|
| 1 | 1 | Tractor | JD | 7930 | |
| 2 | 1 | Gator | JD | 8251 | |
| 3 | 1 | Semi Tractor | Freightliner | Century Classic | |
| 4 | 1 | Planter | JD | 7200 | |
| 5 | 1 | Grain Cart | Unverferth | 1000 bu | |
| 6 | 1 | Digger | JD | 15' spring tooth | |
| 7 | 1 | Grail Drill | JD | B 12' on rubber | |
| 8 | 1 | Bean Head | JD | 625 | |
| 9 | 1 | Grain Auger | Westfield | 1081 – 81' | |
| 10 | 1 | GPS | Greenstar | GU26 | |

C. All livestock (except livestock and poultry kept primarily for subsistence purposes), fish, bees, birds, furbearing animals, other animals produced or used for commercial purposes, other farm products, and supplies, now owned or hereafter acquired by Defendant Randall L. Raddatz, together with all increases, replacements, substitutions, and additions thereto, including but not limited to the following:

| ITEM NO. | QTY | DESCRIPTION | BREED | COLOR |
|---|---|---|---|---|
| 1 | 5 | Cattle – Brdg. – Cows | Hereford | RW |
| 2 | 2 | Cattle – Brdg. – Heifers | Hereford | RW |